STATE of Missouri, Respondent,

v.

**Eddie LOVE, Appellant.**

**No. ED 91870.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 1, 2009.

Alexandra E. Johnson, Office of the Missouri Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Terrence M. Messonnier, Assistant Attorney, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

*Introduction*

Eddie Love (Defendant) appeals from the Judgment entered by the Circuit Court of the City of St. Louis after a jury trial, convicting him of two counts of robbery in the first degree, in violation of Section 569.020, RSMo 2000[1], and two counts of armed criminal action, in violation of Section 571.015, in connection with armed robberies committed on December 23, 2005, and January 7, 2006. Defendant was sentenced to fifteen years of incarceration for each of the two counts connected with the December 23, 2005 crime and twenty years of incarceration for each of the two counts associated with the January 7, 2006 crime, all to run concurrently. Finding neither error in the joinder of the two crimes, nor error in the denial of Defendant's motion to sever, we affirm.

*Background*

The State of Missouri (State) charged Defendant by information on January 9, 2006, with one count of robbery in the first degree and one count of armed criminal action in connection with the armed robbery of S.W. on December 23, 2005 (Counts I and II), and one count of robbery in the first degree and one count of armed criminal action in connection with the armed robbery of G.C. on January 6, 2006 (Counts III and IV).

Prior to the start of trial, Defendant filed a Motion to Sever Counts requesting the trial court sever the counts brought against him because the separate offenses were "not of the same or similar character nor based on two or more acts that are part of the same transaction nor based on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan." Defendant argued that because the counts did not meet this criteria they may not be charged in the same indictment as separate counts. The State filed a Brief in Opposition to Defendant's Motion to Sever Counts and In Support of Joinder, claiming joinder of the charges was proper and severance was unnecessary. Defendant responded with a

---

1. All further statutory references are to RSMo (2000), unless otherwise indicated.

memorandum in support of his motion, alleging the indictment was flawed because it failed to contain an allegation that the alleged robberies were sufficiently similar to be joined. The trial court denied Defendant's motion to sever.

Defendant's trial took place on March 24, 25, and 26, 2008. Viewed in the light most favorable to the verdict, the following evidence was adduced at trial.

Around 7:15 a.m. on December 23, 2005, S.W. was walking to the Delmar Metrolink stop on his way to work when two men walked passed him.[2] The men then walked up behind S.W. and put a gun to his head. When S.W. turned around he saw Defendant was the person holding the gun. Defendant's accomplice then went through S.W.'s pockets removing his wallet containing cash and his cell phone. Defendant was also told to give the men his earring and coat, which he did. After taking the items, the two men threatened S.W., instructing him that if he called the police they would kill him. The two men then ran away. S.W. returned to his home and called the police to report the robbery. The police later contacted S.W. and took him to the police station where he viewed several line-ups. During the line-ups, S.W. was able to identify Defendant as the person who robbed him. While with the police, S.W. also identified a photograph of his stolen coat.

The second robbery occurred on January 6, 2006, around 11:00 p.m., when G.C. was walking near the Delmar Metrolink station on his way home from work. While walking, a vehicle passed G.C. several times, eventually pulling into an apartment parking lot. Three men then exited the vehicle and ran toward G.C. with a gun.[3] The men instructed G.C. to give

them his personal items. G.C. then gave Defendant his backpack, money, check stub, and cell phone. Defendant went through G.C.'s backpack and found a red "hoodie." Defendant then told the other two men that "He a blood. Kill him." The three men then started to hit, beat, and kick G.C. During the altercation, the man with the gun dropped the gun and Defendant picked it up. Defendant then put the gun to G.C.'s head and pulled the trigger, but the gun failed to fire. G.C. heard a "click" and someone say, "Damn, it's jammed." The men then used the gun to beat G.C.

After the January 6, 2006 incident, the police contacted G.C. who informed them that his girlfriend had information on the robbery. G.C.'s girlfriend provided the police with an alleged first name of the person she believed robbed G.C., and the license plate of a vehicle she believed the individual was driving. Police officers were able to locate the vehicle and found Defendant as the driver of the vehicle. Defendant was then taken to the police station for identification line-ups.

After G.C. was released from the hospital, the police took him to the police station to view several line-ups. G.C. was able to pick Defendant out of the police line-ups as one of the persons who robbed him.

At the conclusion of the trial, the jury found Defendant guilty on all four counts and recommended a sentence of fifteen years of imprisonment for each of Counts I and II, the charges associated with the December 23, 2005 crime against S.W., and twenty years of imprisonment for each of Counts III and IV, the charges associated with the January 6, 2006 crime against G.C. Pursuant to the jury's recommendation, the trial court entered its Judgment

**2.** At trial, S.W. identified Defendant as one of the men who robbed him.

**3.** At trial, G.C. was able to identify Defendant as one of the men who robbed him.

on August 14, 2008, and ordered Defendant's sentences to run concurrently.

Defendant filed his timely Notice of Appeal on August 22, 2008. This appeal follows.

### Point on Appeal

In his only point on appeal, Defendant asserts the trial court abused its discretion in denying Defendant's motion to sever. Defendant alleges the charges were improperly joined in violation of Defendant's constitutional rights because the charges were not of the same or similar character, not based on two or more acts that were part of the same transaction, and were not two or more acts or transactions that were connected or constituted part of a common scheme or plan. Defendant claims he was substantially prejudiced by the jury's consideration of evidence of one robbery as evidence of guilt on the other robbery, and that the failure to sever the charges improperly limited his defense of each individual charge.

### Standard of Review

■■■ Our review of claims for improper joinder and failure to sever charges involves a two-step analysis. *State v. Holliday,* 231 S.W.3d 287, 292 (Mo.App. W.D. 2007). First, we must determine whether joinder of the charges was proper as a matter of law. *State v. Simmons,* 270 S.W.3d 523, 528 (Mo.App. W.D.2008). If

joinder was not proper, then prejudice is presumed from a joint trial and severance of the charges is mandatory. *Holliday,* 231 S.W.3d at 292. However, if joinder is deemed proper, this Court must then determine whether the trial court abused its discretion in denying Defendant's motion to sever. *Id.* "Severance assumes that joinder is proper, but gives discretion to the trial court to decide whether trying the charges together would result in substantial prejudice." *Id.* Once a finding is made that joinder is proper, the trial court's decision will not be reversed absent a showing of both an abuse of discretion and a clear showing of prejudice. *Simmons,* 270 S.W.3d at 528. The issue of whether joinder is proper is a question of law, while severance is within the trial court's discretion. *State v. Butchee,* 255 S.W.3d 548, 550 n. 6 (Mo.App. S.D.2008).

### Discussion

**A. Joinder**

■■ Joinder of criminal offenses is governed by Section 545.140.2 and Rule 23.05.[4] Pursuant to these authorities, joinder is proper where the charged offenses are of the same or similar character, are based on two or more connected acts or transactions, or are part of a common scheme or plan. Section 545.140.2; Rule 23.05. Because liberal joinder is favored for the sake of judicial economy, joinder is appropriate where any of the Section 545.140.2

---

4. Section 545.140.2 provides in pertinent part that:

> two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Rule 23.05 provides that:

> All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

or Rule 23.05 criteria exist. *State v. Chambers*, 234 S.W.3d 501, 508 (Mo.App. E.D.2007).

The State does not argue here that the charged offenses are part of the same transaction or part of a common scheme or plan. Instead, the State contends the offenses are sufficiently similar to permit joinder as the offenses are "of the same or similar character" and that the two acts or transactions are connected, pursuant to Section 545.140 and Rule 23.05. Because we find the charges are "of the same or similar character," we will address only this contention.

■■■ The use of similar or comparable tactics is sufficient to establish that offenses are "of the same or similar character." *Holliday*, 231 S.W.3d at 293; *State v. Woodson*, 140 S.W.3d 621, 626 (Mo.App. S.D.2004). The tactics need only resemble or correspond with each other; the tactics need not be identical. *Id.* The manner in which the crimes were committed should be so similar that it is likely the same person committed all of the charged offenses. *Woodson*, 140 S.W.3d at 626. Nonexclusive factors that demonstrate similar tactics include commission of the same type of offenses, victims of the same sex and age group, offenses occurring at the same location, and offenses closely related in time. *Holliday*, 231 S.W.3d at 293.

Here, we find the tactics used in the commission of the armed robberies are "of the same or similar character." The two robberies occurred in the same area of the City of St. Louis in close proximity of each other. The robberies occurred within a few weeks of each other, both occurred while it was dark outside, and both robberies were committed against persons either walking to or from the same Metrolink station. Both crimes involved a robbery, both involved individual male victims, in each robbery the victim was threatened with a gun, and in each robbery the perpetrators stole money and the victim's coat. These similarities are sufficient to categorize the offenses as "of the same or similar character."

■■■ While Defendant notes some differences between the offenses, identical tactics are not required. *See Chambers*, 234 S.W.3d at 509. "The mere existence of differences among the counts does not defeat joinder." *Holliday*, 231 S.W.3d at 294. "When there are striking similarities between the crimes, the strength of the similarities can overcome minor differences in the details." *Id.* The minor discrepancies Defendant cites to do not render joinder improper here. *See id.* Contrary to Defendant's contentions, the tactics used in both of the charged crimes appear strikingly similar.

The similarities in this case establish that the acts in Counts I and II were of the same or similar character as those charged in Counts III and IV. Therefore, joinder was not improper as a matter of law.

## B. Severance

■■■ Having determined that the offenses were properly joined, we next review whether the offenses nonetheless should have been severed due to the circumstances of the case, and whether the trial court's denial of Defendant's motion to sever was an abuse of discretion. "To secure a reversal despite proper joinder, the defendant must establish that the trial court's denial of a severance constituted an abuse of discretion and that it manifested substantial prejudice." *State v. Howton*, 890 S.W.2d 740, 744–45 (Mo.App. W.D. 1995).

■■■ The issue of severance is governed by Section 545.885 and Rule 24.07.

Rule 24.07 mandates that when a defendant is charged with more than one offense in the same indictment, the offenses *shall* be tried together unless the court orders an offense to be tried separately because three requirements are met: (1) a party files a written motion requesting a separate trial of the offense; (2) a party makes a particularized showing of substantial prejudice if the offense is not tried separately; and (3) the court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense. *See also* Section 545.885.[5] "Severance is proper only if the defendant shows that he will suffer substantial prejudice if the offenses are not tried separately and the court finds the existence of bias or discrimination requiring separate trials of the offenses." *State v. Bechhold,* 65 S.W.3d 591, 596 (Mo.App. S.D.2002), *quoting State v. Morrow,* 968 S.W.2d 100, 109 (Mo. banc 1998).

In determining whether actual prejudice exists when alleging an error with regard to the severance of charges, the court should consider, among other relevant factors, the number of offenses charged, the complexity of the evidence offered, and whether the trier of fact could realistically distinguish the evidence or apply the law to each offense. *State v. Conley,* 873 S.W.2d 233, 238 (Mo. banc 1994). "The mere fact that juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one does not call for sever-

ance." *Bechhold,* 65 S.W.3d at 596. In addition, "the general allegation that the jury would likely consider evidence of guilt of one charge as evidence of guilt of another charge is not sufficient to show a particularized showing of substantial prejudice." *Chambers,* 234 S.W.3d at 509. Severance is not mandated merely because evidence relating to one count would not be admissible in the trial of a second count were the two tried separately. *Conley,* 873 S.W.2d at 238. Where the evidence relating to each of the offenses is uncomplicated and distinct, and the jury is properly instructed to return separate verdicts for each offense charged, the trial court does not abuse its discretion in refusing to sever the counts. *Chambers,* 234 S.W.3d at 509.

While Defendant asserts that he was prejudiced because the improper joinder of the counts against him allowed the jury to hear what would have been otherwise inadmissible evidence of other crimes, this factor alone does not mandate severance. *Id.* The record before us clearly shows that the facts relevant to each offense were not complex and the proof offered on each charge was distinct and uncomplicated. *See Butchee,* 255 S.W.3d at 552. The State presented only four witnesses at trial, two of which were victims of the crimes. Furthermore, each crime involved a single witness describing a single, rather uncomplicated, robbery. In addition to the simplicity of the evidence, courts also weigh the impact of jury instructions; clean instructions can help a jury competently dis-

---

5. Section 545.885 provides in relevant part:
   1. Notwithstanding Missouri supreme court rule 24.07, whenever two or more offenses are jointly charged in an indictment or information, the court shall order both or all offenses to be tried together.
   2. If it appears that a defendant or the state is substantially prejudiced by a joinder of the offenses for trial, upon a written motion of the defendant or the state and upon a particularized showing of substantial prejudice, the court may grant a severance of offenses or provide whatever relief justice requires. For purposes of this section, "substantial prejudice" shall mean a bias or discrimination against the defendant or the state which is actually existing or real and not one which is merely imaginary, illusionary or nominal.

tinguish between offenses. *Howton*, 890 S.W.2d at 745. In this case the elements of each offense were plainly set out in separate instructions for each count and an instruction was included instructing the jury that "[e]ach count must be considered separately." The record is void of any evidence to indicate the jury was unable to distinguish the evidence of one crime from the evidence of another crime. Defendant has not shown he suffered substantial prejudice as a result of the counts being charged together.

Defendant has not carried his burden of establishing a particularized showing of substantial prejudice. Thus, we find the trial court did not abuse its discretion in denying Defendant's motion to sever and refusing to sever the charges brought against Defendant.

### Conclusion

The judgment of the trial court is affirmed.

GEORGE W. DRAPER, III, and ROY L. RICHTER, JJ., Concur.