**STATE of Missouri, Respondent,**

v.

**Eric T. TOLEN, Appellant.**

**No. ED 92208.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 22, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 25, 2010.

Application for Transfer Denied
March 23, 2010.

Lawrence J. Fleming, Saint Louis, MO, for Appellant.

Chris Koster, Attorney General, Daniel N. McPherson, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before GLENN A. NORTON, P.J., MARY K. HOFF, J. and LAWRENCE E. MOONEY, J.

1. The jury found Tolen not guilty of the attempted second-degree statutory sodomy

*OPINION*

GLENN A. NORTON, Presiding Judge.

Eric T. Tolen appeals the judgment entered upon a jury verdict convicting him of thirty-six counts of statutory sodomy and one count of attempted tampering with a witness. We affirm.

## I. BACKGROUND

Tolen was originally charged with eighteen counts of second-degree statutory sodomy, one count of attempted statutory sodomy in the second degree, and one count of attempted witness tampering. The State subsequently filed a superseding indictment adding two counts of first-degree statutory sodomy and sixteen additional counts of statutory sodomy in the second-degree. At trial, evidence was presented that Tolen met several teenage boys and encouraged them to work at his home. The boys initially would do yard work or cleaning for Tolen, and ultimately he began spending more time with them. Eventually, Tolen offered the boys bikes, cars, cell phones, and cigarettes in exchange for sexual "work." According to the victims, Tolen would allow them to "pay" for the items they wanted with oral and anal sex and other sexual acts. Tolen was ultimately convicted by a jury of thirty-six counts of statutory sodomy [1] and one count of attempted witness tampering. He was sentenced to a total of sixty-five years' imprisonment. Tolen appeals.

## II. DISCUSSION

**A. The Trial Court Did not Err in Denying Tolen's Motions to Suppress and Admitting Seized Items as Evidence at Trial**

Tolen's first two points on appeal allege error in the trial court's decision to deny

charge.

his motions to suppress and admitting evidence seized from his residence during searches conducted on April 28, 2007, and August 5, 2007.

### 1. Standard of Review

We review the trial court's denial of a motion to suppress to determine whether the ruling was supported by substantial evidence. *State v. Allen*, 274 S.W.3d 514, 520 (Mo.App.W.D.2008). We will reverse the trial court's decision only if it is clearly erroneous. *Id.* The trial court's decision whether to admit evidence is reviewed for abuse of discretion. *Id.* The trial court abuses its discretion if the decision is so unreasonable and arbitrary to shock the sense of justice and indicate lack of careful, deliberate consideration. *Id.*

The Fourth Amendment of the U.S. Constitution guarantees individuals the right to be free from unreasonable search and seizure. Generally, a reasonable search must be based on probable cause and executed pursuant to a valid warrant. *Allen*, 274 S.W.3d at 521.

### 2. April 28, 2007 Search and Seizure

In his first point on appeal, Tolen claims the April 28, 2007 warrant was facially invalid because it did not state the items to be seized with sufficient particularity. Tolen argues the officers were not lawfully present in Tolen's residence because the warrant was invalid, and therefore, anything in plain view was improperly seized.

Pursuant to section 542.276.6(4) RSMo Supp.2006,[2] a search warrant shall identify items to be seized in sufficient detail and with sufficient particularity that the officer executing the warrant can readily ascertain the items. Section 542.276.10(5) states a warrant will be deemed invalid if it fails to sufficiently describe the items to be seized. The pur-

pose of the particularity requirement is to avoid the general exploration of an individual's belongings. *State v. Holland*, 781 S.W.2d 808, 814 (Mo.App. E.D.1989). The requirement is met if the warrant's description enables the searcher to reasonably ascertain and identify the items to be seized. *Id.*

In support of his argument that the language of the April 28, 2007 warrant was impermissibly broad, Tolen cites *State v. Lachterman*, 812 S.W.2d 759 (Mo.App. E.D.1991) (overruled on other grounds), among other cases. In *Lachterman*, the defendant was convicted of two counts of sodomy of a minor. *Id.* at 762. Lachterman appealed, arguing the trial court erred in admitting evidence seized pursuant to an impermissibly broad warrant. *Id.* at 763. Our Court did determine the phrases "instrumentalities of sodomy" and "pornographic material" contained in the warrant were insufficiently particularized descriptions of property subject to seizure. *Id.* at 764. However, the Court went on to hold that the term "controlled substances" contained in the warrant provided sufficient description to validate entry into Lachterman's home. *Id.* at 765. Thus, the Court concluded the seizure of other items, including evidence of other criminal activity such as sodomy, found during the legitimate search for controlled substances, was proper. *Id.*

In this case it is troubling that the warrant did not list the items sought as evidence of the sexual abuse crimes with which Tolen was charged with more particularity when the supporting affidavit provided in the record on appeal contains more than sufficient detail regarding certain items officers could have expected to find in Tolen's home. Nevertheless, here, as in *Lachterman*, the warrant contained

**2.** All further statutory references are to RSMo Supp.2006, unless otherwise indicated.

only general language concerning evidence of "Rape, Sodomy and Assault on a 15 year old white male," which was not sufficiently particular. This broad language, by itself, would not support the lawful entry into Tolen's residence because it does not provide sufficient detail to the officers conducting the search so that they could readily ascertain the items to be seized. However, as the Court held in *Lachterman*, where there is sufficient particularity in a warrant to support the lawful search for controlled substances and during that search officers discover evidence of other crimes, such additional evidence is properly seized. 812 S.W.2d at 765. Here, the April 28 warrant contained language concerning the search for and seizure of "quantities of marijuana and paraphernalia related to the use of marijuana." As in *Lachterman*, this language was sufficiently particular to authorize entry into Tolen's home. During this lawful search for marijuana and related paraphernalia, the officers discovered evidence of sexual crimes. The seizure of this evidence during the legitimate search for marijuana and paraphernalia was proper. *Id.*

Tolen argues the language in the warrant at issue in *Lachterman* regarding the search for "controlled substances" is distinguishable from the warrant in the present case. Tolen claims the April 28 warrant did not actually authorize the search and seizure of "quantities of marijuana and paraphernalia related to the use of mari-

juana." While we agree the language of the April 28 warrant was inartfully phrased, we disagree with Tolen's argument that the warrant did not lawfully authorize entry into his home to search for and seize evidence of marijuana and related paraphernalia. The warrant describes the residence, all vehicles, all computers, and all safes, and states the same are to be searched for evidence of marijuana and paraphernalia. The warrant also states "if said above described property or any part thereof be found on said premises by you, that you seize the same. . . ." Although the phrasing of the warrant is somewhat confusing, it is not so vague as to be unlawful.[3]

As a result of the lawful search of Tolen's residence for marijuana and related paraphernalia pursuant to the April 28, 2007 warrant, evidence of the crimes of statutory sodomy was discovered. Pursuant to our Court's rationale in *Lachterman*, this evidence was properly seized, and therefore the trial court did not err in denying Tolen's motions to suppress and allowing the evidence to be admitted at trial. Point one is denied.

### 3. August 5, 2007 Search and Seizure

■ In his second point on appeal, Tolen claims the items seized from his residence on August 5, 2007, should have been suppressed and not admitted at trial.[4] During the August 5 search of his home pursuant to a warrant, officers found documents on top of a chest of drawers in

---

3. The confusion could be readily avoided by a thorough re-drafting of the search warrant form. The property to be seized should be contained in the description and not amalgamated into the phrase "above described property." Because it could encompass numerous properties, the use of the phrase "above described property" could be unclear as to which items are subject to search and seizure. We find no ambiguity here in the

description of "marijuana and paraphernalia related to the use of marijuana."

4. Tolen also asserts error in the seizure of files found in the trunk of his vehicle during the August 5, 2007 search of his home. This claim is without merit. The files found in his trunk were never admitted at trial, and therefore no prejudice could have resulted from any claim concerning the search and seizure of the files.

Tolen's bedroom that contained questions and answers for one of the victims as well as other documentation concerning Tolen's attempted witness tampering. According to Tolen, the documents should not have been admitted at trial because the officers were not lawfully present in his home. Tolen argues the officers immediately seized the laptop computer that the warrant authorized, and therefore, they no longer had authority to search for and seize any other item, including the documents found in his room.[5] Tolen's argument is without merit.

■ The August 5, 2007 warrant authorized the search of Tolen's residence for his personal laptop computer. The warrant did not contain any specific identifying information about the laptop computer. Therefore, even though the officers located *a* laptop computer upon entering the kitchen of Tolen's residence, they could not be certain this was *the* particular laptop computer referred to in the warrant. As a result, the officers were authorized to complete a search of the home for any other laptops. *See State v. Gardner,* 741 S.W.2d 1, 8 (Mo. banc 1987) (officers were justified in conducting a thorough and careful search of defendant's residence for specified items). In the course of this lawful search, the documents on the top of the dresser were discovered. These documents were evidence of the crime of attempted witness tampering. As noted above, where the officers are lawfully present pursuant to a search warrant and they discover evidence of other crimes, such evidence is properly seized. *Lachterman,* 812 S.W.2d at 765. Thus, the trial court did not err in denying Tolen's motion to suppress regarding the documents found

on his dresser and admitting such evidence at trial.

Moreover, the documents about which Tolen now complains were also found on the laptop computer seized during the August 5 search. This hard copy of the files contained on the laptop computer lawfully seized was merely cumulative, and therefore, no prejudice could have resulted from any alleged issue regarding the seizure of the physical copy of the documents. *See State v. Bunch,* 289 S.W.3d 701, 706 (Mo. App. S.D.2009) (no prejudice and no reversible error even if evidence was improperly admitted at trial if other evidence establishes the same facts). Point two is denied.

**B. Tolen was not Deprived of His Right to Fair Trial When the Trial Court Failed to Order Files Seized Returned to Him**

■ In his third point on appeal, Tolen claims he was deprived of his right to a fair trial and effective representation when the trial court failed to order the return of the files found in his trunk during the August 5, 2007 search. Tolen acknowledges there are no Missouri cases directly addressing the issue of whether the files should have been returned to him. However, Tolen cites several federal appellate court cases regarding "work product" documents. These cases do not apply to the present case because the documents at issue here were not used as evidence, and therefore were not in need of protection from discovery by the work product doctrine.

In addition, Tolen submitted an affidavit detailing the contents of most of the files seized. These files contained his thoughts about strategy, research, proposed ques-

---

5. Tolen does not challenge the legality of the August 5, 2007 warrant for the search and seizure of his laptop computer on appeal.

tions for witnesses, and his recollections. The files also contained schedules, call logs, and letters. There was no evidence that these documents were prepared by Tolen's attorneys. Instead, the files reflected Tolen's thoughts and strategies rather than those of his counsel. There was no evidence presented that Tolen could not recreate these files from his own thoughts and recollections. Moreover, there was no evidence that Tolen's attorneys were unable to prepare his defense absent the materials seized from his trunk, or that the defense was forced to proceed differently as a result of the retention of the documents. As a result, although we question the decision of the court in not returning the documents to Tolen prior to trial, Tolen's right to fair trial was not violated by the trial court's alleged failure to order the files returned to him. Point three is denied.

## C. The Trial Court Did Not Err in Joining the Offenses and in Denying Tolen's Motion to Sever the Multiple Statutory Sodomy Charges

 In his fourth and final point on appeal, Tolen claims the trial court improperly joined the numerous statutory sodomy charges and erroneously denied his motion to sever the charges.[6] Our review of claims of improper joinder and failure to sever charges requires a two-step process. *State v. Holliday*, 231 S.W.3d 287, 292 (Mo.App. W.D.2007). First, we must determine whether joinder of the offenses was proper as a matter of law. *Id.* If not, prejudice is presumed and severance of the charges is mandatory. *Id.* If joinder was proper; however, we must then determine whether the trial court abused its discretion in denying the motion to sever. *Id.*

### 1. Joinder of the Charges Was Proper

 "Liberal joinder of offenses is favored in Missouri as a means of achieving judicial economy when joinder can be accomplished consistent with lawful considerations." *Holliday*, 231 S.W.3d at 293. Pursuant to both Missouri Supreme Court Rule 23.05 (2009) and section 545.140.2 RSMo 2000, joinder is proper if the offenses are part of the same act or transaction, part of a common scheme or plan, or are of the same or similar character. *Id.* If the manner in which the crimes were committed is so similar or the crimes are so related or similar that it serves as evidence the same person committed all the charged offenses, joinder is proper. *Id.* The use of similar or comparable tactics to commit the crime is sufficient to show offenses are of the same or similar character for purposes of joinder. *Id.* Nonexclusive factors showing similar tactics include commission of the same type of offenses, victims of the same sex and age group, offenses occurring at the same location, and offenses closely related in time. *Id.*

Here, it is clear the crimes were of the same or similar character so as to justify joinder of the numerous counts of statutory sodomy. The crimes with which Tolen was charged were all the same type of offense—statutory sodomy. Tolen's victims were all teenage boys between the ages of thirteen and sixteen. Each victim was a less than enthusiastic student, and several of the victims came from difficult family situations. Tolen approached each victim initially with the offer of doing work around his house. After the boys spent time doing work around Tolen's house and got to know him, several of them testified he would "wrestle" with them and touch them inappropriately. Tolen would then

---

**6.** Tolen does not challenge the joinder of the attempted witness tampering charge.

offer them things such as bikes, cars, and other items they wanted in return for sexual "payment." Each of the victims testified Tolen referred to the sexual acts as "work." Numerous victims also testified there were times when both the boy and Tolen would be naked and Tolen would rub his penis on the boy, using lubricant. Each of these victims testified Tolen referred to this as a "come on." The victims also testified Tolen would have them perform oral sex on him, and Tolen would perform anal sex on the victims. Tolen committed each of the crimes at his home.

Tolen argues this evidence is not sufficient to establish similar tactics to justify joinder of the numerous offenses. He relies upon the fact that several of the additional charges occurred during a remote time period from the original charges, and he also claims the offenses occurred at different locations. Although the time period for all the charged offenses ranged from June 1995 to April 2007, and the geographical location of Tolen's residence did change during this time frame, these factors are nonexclusive and do not outweigh the significant evidence of similar tactics discussed above. Therefore, joinder of the offenses was proper.

**2. The Trial Court Did Not Abuse its Discretion in Denying Tolen's Motion to Sever the Charges**

■ Because we have determined joinder is proper, we must next determine whether the court abused its discretion in denying a motion to sever the charges. *Holliday*, 231 S.W.3d at 292. Severance gives discretion to the trial court to determine whether prejudice may result if the properly joined charges are tried together. *State v. Reeder*, 182 S.W.3d 569, 577 (Mo. App. E.D.2005). If evidence relating to each offense is distinct and uncomplicated and the jury is properly instructed to return separate verdicts for each offense charged, the trial court does not abuse its discretion in denying a motion to sever. *Id.*

■ Here, the evidence relating to each offense was distinct and uncomplicated. Each of the victims testified, and their testimony and the evidence in each case was straightforward. In addition, the record reflects the jury was instructed to consider each charged offense separately and return separate verdicts for each count. As a result, the trial court did not abuse its discretion in denying Tolen's motion to sever the charges. Point four is denied.

### III. CONCLUSION

The judgment is affirmed.

MARY K. HOFF, J. and LAWRENCE E. MOONEY, J., concur.