No. 106,224

In the Matter of Eric T. Tolen, *Respondent.*

(265 P.3d 546)

Opinion filed December 2, 2011.

*Kimberly L. Knoll*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

Respondent argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Eric T. Tolen, of Jefferson City, Missouri, an attorney admitted to the practice of law in Kansas in 1987.

On June 12, 2009, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent filed an answer on July 17, 2009. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on January 21, 2011, where the respondent was not personally present and was not represented by counsel. The hearing panel determined that respondent violated KRPC 8.4(b) (2010 Kan. Ct. R. Annot. 603) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Supreme Court Rules 203(c)(1) (2010 Kan. Ct. R. Annot. 276) (failure to notify Disciplinary Administrator of felony charge); and 208(c) (2010 Kan. Ct. R. Annot. 320) (failure to notify Clerk of the Appellate Courts of change of address).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"FINDINGS OF FACT

. . . .

"2. On June 13, 2007, authorities in the Circuit Court of St. Louis County, Missouri, charged the Respondent with 18 felony counts of statutory sodomy in the second degree, in case number 07SL-CR02791.

"3. On June 21, 2007, the Respondent was released from custody after having posted a $200,000 property bond.

"4. On August 14, 2007, the prosecutor filed a motion to revoke the Respondent's bond because he violated the order to have no contact, direct or indirect, with any of the alleged victims, their families, or other witnesses in the case.

"5. On September 21, 2007, the Court concluded that the Respondent violated the conditions of the bond, the Court revoked the bond, and the Court ordered that the Respondent be remanded to custody. The Court set bond at $1 million, cash only. Following the revocation of his property bond, the Respondent remained incarcerated.

"6. The prosecutor subsequently filed a superseding indictment which included a total of 38 charges, including two counts of statutory sodomy, first degree, unclassified felonies, 34 counts of statutory sodomy, second degree, class C felonies, one count of attempted statutory sodomy, second degree, class C felony, and one count of victim tampering, class D felony.

"7. On September 26, 2007, the Supreme Court of Missouri suspended the Respondent's license to practice law on an interim basis due to his incarceration.

"8. At trial, the evidence established the following:

'. . . [The Respondent] met several teenage boys and encouraged them to work at his home. The boys initially would do yard work or cleaning for [the Respondent] and ultimately he began spending more time with them. Eventually, [the Respondent] offered the boys bikes, cars, cell phones, and cigarettes in exchange for sexual "work." According to the victims, [the Respondent] would allow them to "pay" for the items they wanted with oral and anal sex and other sexual acts.'

"9. Following trial, on September 19, 2008, a jury convicted the Respondent of two counts of statutory sodomy, first degree, unclassified felonies, 34 counts of statutory sodomy, second degree, class C felonies, and one count of victim tampering, a class D felony. The Respondent was found not guilty of attempted statutory sodomy, a class C felony.

"10. Thereafter, on November 7, 2008, the Court sentenced the Respondent to serve 65 years in prison. The Respondent remains in prison in Missouri.

"11. On June 12, 2009, the Disciplinary Administrator filed a Formal Complaint in this matter. On July 20, 2009, the Respondent filed a written Answer. The Respondent asserted that he was not guilty of the criminal offenses and alleged that he was not afforded a fair trial. The Respondent also requested that the Kansas disciplinary proceedings be stayed pending the appellate review in Missouri.

"12. On August 18, 2009, the Kansas Supreme Court temporarily suspended the Respondent's license to practice law, pending the outcome of the disciplinary proceedings. The Respondent's license remains suspended. Given the Respondent's temporary suspension, the Hearing Panel in the instant case agreed to wait to have the disciplinary hearing until after the appellate process in Missouri was completed.

"13.   On December 22, 2009, the Missouri Court of Appeals affirmed the Respondent's convictions. The Respondent requested that the Missouri Supreme Court rehear his appeal on January 6, 2010. The Missouri Supreme Court denied his request. Then, on February 8, 2010, the Respondent requested that his case be transferred to the Missouri Supreme Court. Again, the Missouri Supreme Court denied the Respondent's request.

"14.   On June 2, 2010, the Missouri Supreme Court disbarred the Respondent.

## "CONCLUSIONS OF LAW

"1.   Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated Kan. Sup. Ct. R. 203, Kan. Sup. Ct. R. 208, and KRPC 8.4, as detailed below.

"2.   The Respondent failed to appear at the hearing on the Formal Complaint. It is appropriate to proceed to hearing when a Respondent fails to appear only if proper service was obtained. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

'(a)   Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c)   Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the Formal Complaint and the Notice of Hearing, *via* certified United States mail, postage prepaid, to the address shown on the Respondent's most recent registration. The Respondent's most recent registration address continues to be his former residence. The Respondent no longer owns the residence. Additionally, the Disciplinary Administrator sent a copy of the Formal Complaint, the Notice of Hearing, and the Amended Notice of Hearing to the Respondent in prison. The Respondent received the Formal Complaint and filed an Answer to the Formal Complaint. The Hearing Panel concludes that the Respondent was afforded the notice that the Kansas Supreme Court Rules requires.

"3.   It is appropriate to consider violations not specifically included in the Formal Complaint under certain circumstances. The law in this regard was thoroughly examined in *State v. Caenen*, 235 Kan. 451, 681 P.2d 639 (1984), as follows:

'Supreme Court Rule 211(b) (232 Kan. clxvi), requires the formal complaint in a disciplinary proceeding to be sufficiently clear and specific to inform the respondent of the alleged misconduct.

'The seminal decision regarding the applicability of the due process clause to lawyer disciplinary proceedings is found in *In re Ruffalo*, 390 U.S. 544, 88 S. Ct. 1222, 20 L. Ed. 2d 117, *reh. denied* 391 U.S. 961, 88 S. Ct. 1833, 20 L. Ed. 2d 874 (1968). There the United States Supreme Court held that a lawyer charged with misconduct in lawyer disciplinary proceed-

ings is entitled to procedural due process, and that due process includes fair notice of the charges sufficient to inform and provide a meaningful opportunity for explanation and defense.

'Decisions subsequent to *Ruffalo* have refined the concept of due process as it applies to lawyer disciplinary hearings, and suggest that the notice to be provided be more in the nature of that provided in civil cases. The weight of authority appears to be that, unlike due process provided in criminal actions, there are no stringent or technical requirements in setting forth allegations or descriptions of alleged offenses.·. . . Due process requires only that the charges must be sufficiently clear and specific to inform the attorney of the misconduct charged, but the state is not required to plead specific rules, since it is the factual allegations against which the attorney must defend. . . . However, if specific rules are pled, the state is thereafter limited to such specific offenses. . . .

'Subsequent to the *Ruffalo* decision, the due process requirements in lawyer disciplinary proceedings have been given exhaustive treatment by this court. In *State v. Turner*, 217 Kan. 574, 538 P.2d 966 (1975), 87 A.L.R.3d 337, the court summarized prior Kansas and federal precedent on the question, including *Ruffalo*, and held in accordance with established precedent that the State need not set forth in its complaint the specific disciplinary rules allegedly violated . . . , nor is it required to plead specific allegations of misconduct. . . . What is required was simply stated therein:

" 'We must conclude that where the facts in connection with the charge are clearly set out in the complaint a respondent is put on notice as to what ethical violations may arise therefrom. . . .

. . . .

" 'It is not incumbent on the board to notify the respondent of charges of specific acts of misconduct as long as proper notice is given of the basic factual situation out of which the charges might result.' "

235 Kan. at 458-59 (citations omitted). In this case, the Respondent was given proper notice that the disciplinary case was based upon his criminal conduct, criminal convictions, and related matters. Thus, in the opinion of the Hearing Panel, it is proper to consider whether the Respondent failed to properly report his criminal conviction to the Disciplinary Administrator and whether the Respondent failed to properly provide the Clerk of the Appellate Courts with his current address.

"4.   Kan. Sup. Ct. R. 202 provides, in part, as follows:

'A certificate of a conviction of an attorney for any crime or of a civil judgment based on clear and convincing evidence shall be conclusive evidence of the commission of that crime or civil wrong in any disciplinary proceeding instituted against said attorney based upon the conviction or judgment. A diversion agreement, for the purposes of any disciplinary proceeding, shall be deemed a conviction of the crimes originally charged. All other civil judgments shall be prima facie evidence of the findings made

therein and shall raise a presumption as to their validity. The burden shall be on the respondent to disprove the findings made in the civil judgment.'
The Hearing Panel concludes that, pursuant to Kan. Sup. Ct. R. 202, the Respondent's convictions for 36 charges of criminal sodomy and one charge of victim tampering are conclusive evidence of his misconduct.

"5.   Kan. Sup. Ct. R. 203(c)(1) provides, in pertinent part, as follows:

'(c)   Automatic temporary suspension of attorneys convicted of a felony crime.

(1)   Duty of attorney to report. An attorney who has been charged with a felony crime (as hereinafter defined) in Kansas or with an equivalent offense in any federal court of the United States or the District of Columbia or in any other state, territory, commonwealth, or possession of the United States shall promptly inform the Disciplinary Administrator in writing of the charge. The attorney shall thereafter promptly inform the Disciplinary Administrator of the disposition of the matter.'

Kan. Sup. Ct. R. 203(c)(1) requires attorneys to notify the Disciplinary Administrator after being charged with a felony crime. The Respondent never notified the Disciplinary Administrator of the charges nor did he notify the Disciplinary Administrator of the convictions. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 203(c)(1).

"6.   Kansas attorneys are required to annually register with the Clerk of the Appellate Courts. See Kan. Sup. Ct. R. 208(a). Each attorney required to register 'shall within thirty days after any change of address notify the Clerk of such change.' Kan. Sup. Ct. R. 208(c). After his incarceration, the Respondent failed to change his registration address. The Respondent's registration address remains as his residential address where he lived prior to his incarceration. Thus, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 208(c).

"7.   'It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' KRPC 8.4(b). In this case, the Respondent committed criminal acts—36 counts of statutory sodomy and one count of victim tampering—that reflect adversely on the Respondent's fitness in other respects. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 8.4(b).

"AMERICAN BAR ASSOCIATION
"STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to the public to maintain personal integrity.

"*Mental State.* The Respondent knowingly and intentionally violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to the public and the legal profession.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"*Dishonest or Selfish Motive.* The criminal sodomy convictions evidences a selfish motivation and the victim tampering conviction evidences a dishonest motivation. Accordingly, the Hearing Panel concludes that the Respondent's misconduct was motivated by dishonesty and selfishness.

"*A Pattern of Misconduct.* The jury convicted the Respondent of 36 charges of criminal sodomy. Clearly, the Respondent engaged in a pattern of misconduct.

"*Multiple Offenses.* The Respondent violated Kan. Sup. Ct. R. 203, Kan. Sup. Ct. R. 208, and KRPC 8.4. As such, the Hearing Panel concludes that the Respondent committed multiple offenses.

"*Vulnerability of Victim.* The Respondent's victims, troubled teenage boys aged 13 through 17, are some of the most vulnerable of victims.

"*Substantial Experience in the Practice of Law.* The Kansas Supreme Court admitted the Respondent to the practice of law in 1987. At the time the criminal charges were brought against the Respondent, he had been engaged in the practice of law for 20 years.

"*Illegal Conduct, Including that Involving the Use of Controlled Substances.* The Respondent committed illegal conduct—he was convicted of 36 charges of criminal sodomy and one charge of victim tampering.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"*Absence of a Prior Disciplinary Record.* The Respondent has not previously been disciplined.

"*Imposition of Other Penalties or Sanctions.* The Respondent was sentenced to serve 65 years in prison for the criminal convictions.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'5.11 Disbarment is generally appropriate when:
(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentionally interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of

another; or an attempt or conspiracy or solicitation of another to commit any of these offenses;

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that serious adversely reflects on the lawyer's fitness to practice.

'5.12 Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

'6.31 Disbarment is generally appropriate when a lawyer:

(a) intentionally tampers with a witness and causes serious or potentially serious injury to a party, or causes significant or potentially significant interference with the outcome of the legal proceeding; or

(b) makes an *ex parte* communication with a judge or juror with intent to affect the outcome of the proceeding, and causes serious or potentially serious injury to a party, or causes significant or potentially significant interference with the outcome of the legal proceeding; or

(c) improperly communicates with someone in the legal system other than a witness, judge, or juror with the intent to influence or affect the outcome of the proceeding, and causes significant or potentially significant interference with the outcome of the legal proceeding.

'7.1 Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.'

## "RECOMMENDATION

"The Disciplinary Administrator recommended that the Respondent be disbarred.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be disbarred."

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if

they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2010 Kan. Ct. R. Annot. 327). Clear and convincing evidence is " 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable." ' " *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]). The evidence before the hearing panel establishes the charged misconduct of the respondent by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

The respondent filed no exceptions to the hearing panel's final hearing report. As such, the findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2010 Kan. Ct. R. Annot. 344). Respondent was given adequate notice of the formal complaint, to which he filed an answer, and adequate notice of both the hearing before the panel and the hearing before this court. We conclude the hearing panel's findings are supported by clear and convincing evidence. Thus, the only issue before us is the appropriate discipline.

At the hearing before this court, at which the respondent was excused due to his incarceration, the office of the Disciplinary Administrator recommended that the respondent be disbarred. In his answer to the formal complaint, the respondent argued against disbarment and requested a stay of these proceedings pending the outcome of his appeal to the Missouri appellate courts. The Missouri Court of Appeals has affirmed his sentence, and the Missouri Supreme Court has denied his request for a rehearing. See *State v. Tolen*, 304 S.W.3d 229 (Mo. App. 2009).

As the hearing panel noted, the respondent has been disbarred by the Missouri Supreme Court for his criminal convictions in that state. When this action is considered along with the respondent's multiple offenses in this case, including violations of KRPC 8.4(b) (2010 Kan. Ct. R. Annot. 603); Kansas Supreme Court Rules 203(c)(1) (2010 Kan. Ct. R. Annot. 276); and 208(c) (2010 Kan. Ct. R. Annot. 320), we find disbarment is the appropriate discipline.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Eric T. Tolen be disbarred from the practice of law in the state of Kansas, effective on the filing of this opinion, in accordance with Supreme Court Rule 203(a)(1) (2010 Kan. Ct. R. Annot. 276).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2010 Kan. Ct. R. Annot. 370).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.