In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO
STATE OF MISSOURI, ) No. ED108366
 )
 Respondent, )
 ) Appeal from the Circuit Court
 ) of St. Charles County
 vs. ) Cause No. 1611-CR04878-01
 )
DANIEL B. HALLMARK, ) Honorable Jon A. Cunningham
 )
 Appellant. ) Filed: September 7, 2021

 OPINION

 Daniel B. Hallmark (Appellant) appeals his convictions after a jury trial in St. Charles

County of 11 counts of statutory sodomy second degree, one count of attempted enticement of a

child, one count of sexual misconduct third degree, and one count of furnishing pornography to a

minor. We affirm.

 Factual and Procedural Background

 Appellant was originally charged by indictment with 21 counts of child sex crimes

committed against seven victims. On July 24, 2019, Appellant filed a “Motion to Dismiss

Improperly Joined Counts or For Severance of Offenses” (motion to sever), requesting the trial

court to either dismiss improperly joined counts or sever the counts into sets to be tried

separately. Appellant claimed that joinder was improper and that he would suffer substantial

prejudice if the court elected not to sever the charges. In support of his request for severance,

Appellant argued the jury would be unable to distinguish the evidence and would likely consider
evidence of guilt on one charge as evidence of guilt on the others due to the number of victims in

the case. Appellant also claimed he “may wish to testify about one charge but not the others.”

 On July 25, 2019, the trial court held a hearing on a number of motions, including

Appellant’s motion to sever. The motion to sever was taken under advisement. On July 31, the

trial court denied the motion, finding joinder proper and severance inappropriate. In denying

severance, the court noted the evidence was not overly complex, the jury would not have

difficulty distinguishing the offenses and Appellant failed to show he would be prejudiced.

 On August 6, 2019, the state filed its Second Amended Information as well as a separate

nolle prosequi notice, dismissing seven of the counts and leaving 14 charges involving five

victims. The remaining charges were: six counts of statutory sodomy first degree, five counts of

statutory sodomy second degree, one count of attempted enticement of a child, one count of

sexual misconduct third degree and one count of furnishing pornographic material to a minor.

The case was tried to a jury on August 6 through 9, 2019. The facts adduced at trial in the light

most favorable to the verdicts are as follows:

 Appellant was charged with three counts of statutory sodomy second degree for offenses

involving the first victim, D.B., who testified he was 15 years of age when he met Appellant on a

dating app in 2016.1 Appellant exchanged nude photographs with D.B. and expressed his desire

to engage in oral and anal sex. When D.B. informed Appellant he was 15 years old, Appellant

told D.B. about other underage boys he had been with in the past. Appellant offered D.B. a job

working for Appellant’s plumbing company and misrepresented to D.B. he was a former DEA

agent. On May 1, 2016, D.B. agreed to meet with Appellant and Appellant arranged to pick up

1
 D.B. listed his age on the dating app as 18.

 2
D.B. from his parents’ house. When Appellant arrived at the house, Appellant and D.B.’s parents

had what D.B.’s parents described as an “unusually long” conversation.

 D.B. testified Appellant then drove to a car wash where he placed D.B.’s hand on his

crotch. D.B. testified when they arrived at Appellant’s house, Appellant gave D.B. a male

enhancement pill, led him to the bedroom and engaged in oral and anal sex with D.B. whose

testimony was corroborated by the police investigation and the testimony of his parents.

 Appellant was charged with six counts of statutory sodomy first degree for crimes

committed against the second victim, D.M., who was born in 1989. He testified about the

numerous sexual acts occurring between 2001 and 2003 when he was less than 14 years of age.

The jury ultimately convicted Appellant of the lesser included statutory sodomy second degree

for each of the six counts, finding the acts occurred between 2003 and 2006 when D.M. was less

than 17 years old rather than less than 14 years old. D.M. testified the sexual activity all took

place in Appellant’s bedroom and that Appellant would play gay pornography on the bedroom

television. Appellant provided D.M. with alcohol and money. Additionally, D.M. did some work

around Appellant’s house. Appellant also misrepresented to D.M. that he was a former DEA

agent.

 Appellant was charged with one count of attempted enticement of a child and two counts

of statutory sodomy second degree for crimes involving the third victim, C.R. Appellant initially

approached C.R. at a Wal-Mart and offered him a job at Appellant’s plumbing company.

Appellant also told C.R. he was a retired DEA agent. Appellant provided C.R. with alcohol,

money, and male enhancement pills. C.R. spent the night at Appellant’s house more than ten

times. C.R. testified that sexual acts occurred in the bedroom every time he was at Appellant’s

house and that Appellant would play gay pornography on the bedroom television. Appellant

 3
prohibited C.R. from sleeping in the living room, effectively requiring C.R. to sleep with

Appellant in his bedroom.

 Appellant was also charged with one count of sexual misconduct third degree for conduct

involving the fourth victim, J.D. After hiring J.D. to work for him, Appellant began making

inappropriate comments to J.D. Appellant told J.D. about exercises and pills designed to enhance

male sexual performance. Appellant gave one of the pills to J.D. and explained the exercises in

detail. J.D. testified Appellant implied that he wanted to perform the exercises, which consisted

of inappropriate sexual acts, but J.D. refused. J.D. testified Appellant invited J.D. to spend the

night with Appellant in his bed, but J.D. chose to sleep on the couch instead. Appellant also told

J.D. he was a former DEA agent.

 Appellant was charged with one count of furnishing pornographic materials to a minor

for acts involving the fifth victim, M.M., who was 14 years old when he worked for Appellant

for a week. While riding in Appellant’s car on the way to a work location, Appellant told M.M.

that he sold male enhancement pills. Appellant offered to show M.M. a video demonstrating the

pill’s effectiveness. M.M. told Appellant he did not want to see the video. Appellant ignored

M.M.’s response and showed him a pornographic video. M.M. suspected the man in the video

was Appellant. Appellant warned M.M. not to tell anyone about the video because he was a

former DEA agent and he would make M.M. out to be a liar. During the time M.M. worked for

Appellant, Appellant also had M.M. take his shirt off while working, took pictures of M.M.

while he was shirtless, grabbed M.M.’s thigh, and told M.M. they were going to be “great

friends.”

 Appellant did not testify or present any evidence aside from exhibits admitted during

cross-examination. The jury found Appellant guilty of all 14 counts, convicting Appellant of the

 4
lesser included offense of statutory sodomy second degree for each of the six charges involving

D.M. but finding him guilty as charged on the remaining counts. This appeal follows.

 Point I – Motion to Sever was Properly Denied

 In his first point on appeal, Appellant claims the trial court abused its discretion in

denying Appellant’s motion to sever the fourteen counts into three separate groups of charges.

Appellant concedes joinder was proper but argues he suffered substantial prejudice as a result of

the court’s refusal to sever the charges.

 Standard of Review

 We review claims of improper joinder and failure to sever charges using a two-step

analysis. State v. Tolen, 304 S.W.3d 229, 235 (Mo. App. E.D. 2009). First, we determine

whether joinder was proper as a matter of law. Id. If not, prejudice is presumed and the charges

must be severed. Id. If joinder was proper, however, we then determine whether the trial court

abused its discretion in denying the defendant’s motion to sever. Id. “Once a finding is made that

joinder is proper, the trial court’s decision will not be reversed absent a showing of both an abuse

of discretion and a clear showing of prejudice.” State v. Love, 293 S.W.3d 471, 475 (Mo. App.

E.D. 2009). A trial court abuses its discretion if its ruling is clearly against the logic of the

circumstances then before it. State v. Scott, 548 S.W.3d 351, 364 (Mo. App. E.D. 2018). Further,

the trial court’s ruling must be so arbitrary and unreasonable as to shock the sense of justice and

indicate a lack of careful consideration in order for this court to find an abuse of discretion. Id.

 Discussion

 Section 545.140.2 RSMo. and Rule 23.05 govern joinder of offenses.2 Scott, 548 S.W.3d

at 364. “Pursuant to these authorities, joinder is proper where the charged offenses are of the

2
 All statutory references are to RSMo. Cum. Supp. 2019 unless otherwise noted. All rule references are to the
Missouri Supreme Court Rules (2019) unless otherwise noted.

 5
same or similar character, are based on two or more connected acts or transactions, or are part of

a common scheme or plan.” Love, 293 S.W.3d at 475. Missouri courts favor liberal joinder of

offenses as a means of achieving judicial economy and will find joinder appropriate where any

of the § 545.140 RSMo. or Rule 23.05 criteria exist. Scott, 548 S.W.3d at 359 (citing Love, 293

S.W.3d at 475-76).

 If the manner in which the crimes were committed is so similar or the crimes are so

related or similar that it is likely the same person committed all of the charged crimes, joinder is

proper. Tolen, 304 S.W.3d at 235. The use of similar or comparable tactics to commit the crimes

is enough to establish that offenses are of the same or similar character. Id. The tactics need only

resemble or correspond with each other; they need not be identical. Scott, 548 S.W.3d at 359

(citing Love, 293 S.W.3d at 476). Nonexclusive factors demonstrating similar tactics include

commission of the same type of offenses, victims of the same sex and age group, offenses

occurring at the same location, and offenses closely related in time. Tolen, 304 S.W.3d at 235.

“The mere existence of differences among the counts does not defeat joinder.” Scott, 548 S.W.3d

at 360 (citing Love, 293 S.W.3d at 476).

 As rightfully conceded by Appellant and correctly noted by the trial court in its order

denying Appellant’s motion to sever, joinder of the 14 charged offenses was proper. All of the

crimes with which Appellant was charged were offenses of a sexual nature involving male

victims between the ages of 12 and 17. Appellant misrepresented himself as a former DEA agent

to all of the victims and offered jobs to most of them. Appellant also provided alcohol, money,

and/or sexual enhancement pills to many of the victims. Appellant showed pornography to

several of the victims as well. Moreover, the criminal conduct occurred either in Appellant’s

home – specifically, in Appellant’s bedroom – or in Appellant’s car. Considering the evidence in

 6
the present matter demonstrated the offenses were “the same or similar character . . . or part of a

common scheme or plan,” joinder was proper. Love, 293 S.W.3d at 476.

 Finding that the court ruled correctly on the joinder issue, we must determine whether the

trial court abused its discretion in denying Appellant’s motion to sever the charges. Whether to

grant severance lies within the sound discretion of the trial court. State v. McKinney, 314 S.W.3d

339, 342 (Mo. banc 2010). “To secure a reversal despite proper joinder, the defendant must

establish that the trial court’s denial of a severance constituted an abuse of discretion and that it

manifested substantial prejudice.” Love, 293 S.W.3d at 476.

 When determining whether actual prejudice exists and severance is warranted, the court

should consider the number of offenses joined, the complexity of the evidence, and the

likelihood that the jury can distinguish the evidence pertaining to each offense. Love, 293 S.W.3d

at 477. When evidence relating to each offense is distinct and uncomplicated, and the jury is

properly instructed to return separate verdicts for each offense charged, any prejudice from

joinder is overcome and there is no abuse of discretion in denying severance. State v. Reeder,

182 S.W.3d 569, 577 (Mo. App. E.D. 2005); see also McKinney, 314 S.W.3d at 342 (citing State

v. Morrow, 968 S.W.2d 100, 109 (Mo. banc 1998)).

 In his motion to sever, Appellant failed to make a particularized showing that he would

be substantially prejudiced if the offenses were not tried separately or that there existed any bias

or discrimination against him requiring severance. See Rule 24.07. Appellant argued that “the

jury would likely consider evidence of guilt on one charge as evidence of guilt on the others.”

Additionally, he contended that “[h]aving multiple unrelated victims testify would enflame the

passions of the jury and encourage them to improperly use the evidence of one allegation as

 7
propensity evidence against Defendant for the other.” These allegations are insufficient to show

prejudice as they are entirely conclusory and devoid of any specific factual support.

 As Appellant reminds us, prejudice must be carefully considered when contemplating

severance. The trial court did this. Significantly, the trial court weighed Appellant’s concerns

when evaluating the potential prejudice but ultimately concluded that the evidence was not

overly complex and that the jury was capable of distinguishing the evidence as it related to each

offense when denying the motion. “Under the law . . . severance is a matter of discretion for the

trial court.” State v. Moore, 745 S.W.2d 224, 226 (Mo. App. E.D. 1987) (citing State v. Clark,

729 S.W.2d 579, 581 (Mo. App. E.D. 1987)).

 A review of the record corroborates the trial court conclusions. Specifically, the evidence

presented at trial was straightforward and simple. The jury heard testimony from the victims in

the case as well as police witnesses involved in the investigation. In total, there were only 11

witnesses and the testimony was not beyond the sophistication of the average juror. Nothing in

the record or the transcript of the trial indicates a properly instructed jury would be unable to

distinguish what was relevant to each victim and to each charge. The elements of each offense

were plainly set out in a separate instruction for each count.3

 Additionally, “[t]he general allegation that the jury would likely consider evidence of

guilt on one charge as evidence of guilt on another charge does not meet the requirement of a

particularized showing of substantial prejudice.” State v. Warren, 141 S.W.3d 478, 488-89 (Mo.

App. E.D. 2004). Further, “[t]he mere fact that juries are apt to regard with more jaundiced eye a

person charged with two crimes than a person charged with one does not call for severance.” Id.

3
 In Tolen, the defendant was charged with 37 counts of first or second-degree statutory sodomy committed against
six victims, all of whom were teenage boys. This court found the trial court did not abuse its discretion in denying
the defendant’s motion to sever because the evidence was distinct and uncomplicated. Further the trial court
instructed the jury to consider each charged offense separately. Tolen, 304 S.W.3d at 236.

 8
at 488. Significantly, a separate offense instruction was properly tendered, specifying: “The

defendant is charged with a separate offense in each of the fourteen counts. Each count must be

considered separately. You should return a separate verdict for each count and you can return

only one verdict for each count.”4

 As another reason for severing the charges, Appellant contends that he “may wish to

testify about one charge but not the others . . .” This allegation is too general as well to satisfy

the requisite showing of substantial prejudice. “[I]t is essential that the defendant present enough

information – regarding the nature of the testimony he wishes to give on one count and his

reasons for not wishing to testify on the other – to satisfy the court that the claim of prejudice is

genuine.” State v. Seagraves, 700 S.W.2d 95, 99 (Mo. App. E.D. 1985).

 After considering the allegations presented to the trial court in Appellant’s motion, we

conclude that the trial court did not abuse its discretion when denying severance. Love, 293

S.W.3d at 476. Point denied.

 Point II – No Instructional Error

 In his second and final point, Appellant claims the trial court plainly erred in submitting

Instruction No. 32 to the jury because there was insufficient evidence that Appellant attempted to

entice victim C.R. by having C.R. spend the night and giving C.R. alcohol. Specifically,

Appellant argues the instruction was given in error because there was not sufficient evidence

Appellant had C.R. spend the night at Appellant’s house to persuade C.R. to engage in sexual

conduct. The applicable instruction reads, in relevant part, as follows:

 As to Count 10, if you find and believe from the evidence beyond a reasonable
 doubt:

4
 The language correctly mirrors MAI-CR 4th 404.12. Courts weigh the impact of jury instructions in determining
whether severance is appropriate. Love, 293 S.W.3d at 477. “[C]lean instructions can help a jury competently
distinguish between offenses.” Id. at 477-78.

 9
 First, that on or between November 1, 2014, and June 1, 2015, in the County of St.
 Charles, State of Missouri, the defendant had [C.R.] spend the night with him, and
 provided alcohol to [C.R.], and
 Second, that such conduct was a substantial step toward the commission of the
 offense of enticement of a child by attempting to persuade a person less than fifteen
 years of age to engage in sexual conduct, and
 Third, that defendant engaged in such conduct for the purpose of committing such
 enticement of a child, and
 Fourth, that the defendant was twenty-one years of age or older,
 then you will find the defendant guilty under Count 10 of attempted enticement of
 a child . . .

 Standard of Review

 Because Appellant failed to object to the alleged instructional error at trial or raise it in a

motion for new trial, we review Appellant’s claim for plain error. Rule 28.03 reads as follows:

 Counsel shall make specific objections to instructions or verdict forms considered
 erroneous. No party may assign as error the giving or failure to give instructions or
 verdict forms unless the party objects thereto before the jury retires to consider its
 verdict, stating distinctly the matter objected to and the grounds of the objection.
 Counsel need not repeat objections already made on the record prior to delivery of
 the instructions and verdict forms. The objections must also be raised in the motion
 for new trial in accordance with Rule 29.11.

 “Plain error is found when the alleged error facially establishes substantial grounds for

believing a manifest injustice or miscarriage of justice occurred.” State v. Dorsey, 318 S.W.3d

648, 652 (Mo. banc 2010) (quotation marks and brackets omitted). For instructional error to

constitute plain error, the defendant must show that the trial court “so misdirected or failed to

instruct the jury” that the error affected the jury’s verdict. Id.

 Discussion

 Appellant’s allegation of instructional error is based specifically on the use of the

conjunctive “and” between the two requirements that the jury find Appellant “had [C.R.] spend

the night with him” and “provided alcohol to [C.R.]” in order to convict Appellant of attempted

enticement of a child under Count 10. While Appellant concedes there was enough evidence that

 10