STATE of Missouri, Respondent,

v.

Robert H. HOBBS, Appellant.

No. 59905.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 17, 1992.

**852**

John A. Klosterman, Columbia, for appellant.

H. Morley Swingle, Pros. Atty. Cape Girardeau, for respondent.

KAROHL, Judge.

The state charged Robert Henry Hobbs with two counts of driving while intoxicated, in violation of § 577.010 RSMo 1986. The jury found defendant guilty of driving while intoxicated (DWI) on August 29, 1989, and recommended the court impose a fine as punishment. It found defendant guilty of driving while intoxicated on February 24, 1990, and recommended the court sentence defendant to serve a jail term of sixty days and impose a fine as determined by the court. Sentences were imposed in accordance with the verdicts.

Defendant raised two issues on appeal. He argues the trial court erred: (1) in denying defendant's motion to dismiss for lack of a speedy trial on both charges as guaranteed by federal and state constitutional provisions and § 545.780 RSMo 1986; and (2) by overruling defendant's motion to sever the two charges and permit separate trials. We affirm.

The defendant's first issue is directed at defendant's right to a dismissal of the charges; the second, to a right to retrial of the charges in separate trials. These issues concede that the state's evidence was sufficient to support the verdicts.

On August 29, 1989, Officer Rodney Barker, a Cape Girardeau City Policeman, issued defendant a traffic citation returnable in the municipal court of Cape Girardeau. While on patrol, Officer Barker observed defendant's truck stopped on a street with a turn signal on. Defendant appeared to have passed out. There was evidence defendant had been drinking. Defendant refused or was unable to pass field sobriety tests. Officer Barker believed him to be intoxicated. After arrest, a breathalyzer test was administered. The result was a finding defendant had a blood alcohol content of .16.

On February 24, 1990, Patrolman William Bohnert, a Cape Girardeau City Police Officer, stopped defendant who was driving without headlights at 1:25 a.m. He observed evidence of intoxication. Defendant failed to pass several field sobriety tests. After arrest defendant refused to take a breathalyzer test. The police video taped his refusal. Officer Bohnert issued a traffic citation charging driving while intoxicated returnable in the municipal court of Cape Girardeau on March 6, 1990.

The procedural facts relative to the speedy trial issue involved the dates of the original traffic citations returnable in the municipal court and dismissal of those charges prior to July 19, 1990, when the state filed an information charging defendant with two counts of driving while intox-

icated, the charges now on appeal. The motion to dismiss was filed on February 1, 1991. It was heard and overruled on February 4, 1991. Trial occurred on February 8, 1991.

## SPEEDY TRIAL

Defendant's first point on appeal is:

THE TRIAL COURT ERRED IN DENYING [DEFENDANT'S] MOTION TO DISMISS FOR LACK OF A SPEEDY TRIAL AFTER A 528–DAY DELAY FROM THE DATE OF ARREST TO TRIAL FOR COUNT II AND A 349–DAY DELAY FOR COUNT I, BECAUSE [DEFENDANT] WAS DENIED HIS RIGHT TO A SPEEDY TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 18(a) OF THE MISSOURI CONSTITUTION, AND SECTION 545.780 RSMo 1986, IN THAT SUCH DELAY WAS PRESUMPTIVELY PREJUDICIAL, [DEFENDANT] DID NOT CONTRIBUTE TO THE DELAY, AND [DEFENDANT'S] TRIAL AND THE ORDINARY NATURE OF THE ALLEGED OFFENSE INDICATE THE TRIAL COURT'S AND THE RESPONDENT'S DELAY IN GOING TO TRIAL WAS UNJUSTIFIED, UNNECESSARY, AND PREJUDICIAL TO [DEFENDANT.]

■ Section 545.780 RSMo 1986 is of no help to defendant. The statute offers a defendant an opportunity to assert constitutional rights and authorizes a dismissal, *if* defendant announces he is ready for trial and requests a speedy trial, § 545.780.1, and authorizes the court to dismiss *only if* "the court also finds that the defendant has been denied his constitutional right to a speedy trial," § 545.780.2. On the day of trial defense counsel told the court that defendant had not previously requested a speedy trial in accordance with the statute.

Nor is there support for defendant's claim he was denied constitutional rights,

an issue which requires a balancing process. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Buckles*, 636 S.W.2d 914, 919 (Mo. banc 1982).

■ The constitutional provisions are not specific or precise. *See State v. Loewe*, 756 S.W.2d 177, 181 (Mo.App.1988). Accordingly, each case claiming denial of speedy trial rights must be reviewed against the record. *Buckles*, 636 S.W.2d at 919. The balancing process involves four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant. *Id.*

■ A defendant's constitutional right to a speedy trial attaches only after he is "accused;" that is, upon formal indictment, information, or when actual restraints are imposed by arrest and holding. *Loewe*, 756 S.W.2d at 181. In the present case no restraints were placed on defendant during the municipal court proceedings or the state charge. Accordingly, defendant's right to a speedy trial begins on the date of indictment or information, July 19, 1990. The trial occurred on February 8, 1991. The length of delay, measured between date of formal charge and date of trial is less than seven months. Not all of the delay is chargeable to actions of the court or the state. One delay was occasioned by withdrawal of defendant's counsel.

Defendant has not specifically challenged delay between the dates defendant was arrested and the date the information was filed on speedy trial grounds. On the facts such challenge would have failed. Defendant does, however, calculate the periods from date of arrests to the date of trial in support of his position. There is no authority to support a calculation beginning with date of arrest and ending on the date of trial where there is no claim of restraint or prejudice because of delay in issuing a charge by indictment or information.

■ On the issue of length of delay we find the seven month period between the

date the information was filed, July 19, 1990, and the date of trial, February 8, 1991, not a violation of defendant's constitutional rights. There is no support for a finding that the state realized any advantage either before or after the date charges were filed to the date of trial. The trial court timely processed the charges even without a request by defendant for a speedy trial. A timely assertion of the speedy trial right is required in order for most violations to be proved. *State v. Bolin,* 643 S.W.2d 806, 815 (Mo. banc 1983).

Regarding the remaining elements of the balancing process, there are no acts shown or chargeable to the court or the state for any delay in processing the charges; there was no assertion of a speedy trial right before the day of trial; and there was no evidence to find any prejudice resulted. As there was no pretrial incarceration and defendant does not suggest unusual anxiety before trial, we need only examine the "most serious" form of prejudice, impairment of the defense. *Id.* at 816.

In *Buckles,* the Missouri Supreme Court observed the resulting prejudice to require reversal must be actual prejudice apparent on the record or by reasonable inference. *Buckles,* 636 S.W.2d at 920. Defendant's argument of colorable prejudice resulting from forgotten details during the arresting officers's testimony is unconvincing. The officers were not defense witnesses and any loss of memory was more likely to favor defendant than the state.

■ Defendant's belated claim of a denial of constitutional rights to a speedy trial is wholly unsupported by failure to promptly assert these rights; by allegations of facts to support the claim; and by an absence of prejudice. Point denied.

## SEVERANCE

Defendant's remaining claim charges:

THE TRIAL COURT ERRED BY OVERRULING [DEFENDANT'S] MOTION TO SEVER THE OFFENSES CHARGED AND TRYING BOTH COUNTS BEFORE THE SAME JURY BECAUSE IN SO DOING THE COURT VIOLATED MISSOURI SUPREME COURT RULE 24.07 AND [DEFENDANT'S] RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE MISSOURI CONSTITUTION, IN THAT THE STATE'S EVIDENCE OF [DEFENDANT'S] GUILT OF EACH COUNT DID NOT TEND TO ESTABLISH GUILT OF ANY OTHER COUNT, BUT A JOINT TRIAL PREJUDICED DEFENDANT BY ALLOWING THE JURY TO DRAW THE IMPROPER INFERENCE OF GUILT OF BOTH COUNTS BASED UPON PROOF OF THE OTHER COUNT.

■ The question of whether offenses should be severed lies within the sound discretion of the trial court. *State v. Davis,* 738 S.W.2d 517, 518 (Mo.App.1987). In order to reverse the denial of a motion to sever, there must be both an abuse of discretion and a clear showing of prejudice. *State v. Hughes,* 787 S.W.2d 802, 804 (Mo. App.1990).

■ As a preliminary matter, we find joinder of the offenses was proper. *See State v. Sims,* 764 S.W.2d 692, 696 (Mo. App.1988). Joinder is either proper or improper as a matter of law, and if proper, the trial court has discretion as to whether or not to grant severance. *Id.* Joinder of two driving while intoxicated charges is proper because they "are of the same or similar character." *See* § 545.140.2 RSMo 1986; Rule 23.05.

Missouri's rules and statutes concerning severance have narrowed the circumstances under which a trial court may exercise its discretion to sever offenses and order separate trials. Rule 24.07, effective July 1, 1986, provides:

When a defendant is charged with more than one offense in the same indict-

ment or information, the offenses *shall* be tried jointly unless the court orders an offense to be tried separately. An offense shall be ordered to be tried separately *only if*:

(a) A party files a written motion requesting a separate trial of the offense;

(b) A party makes a particularized showing of substantial prejudice if the offense is not tried separately; and

(c) The court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense. (Our emphasis).

Missouri's counterpart severance statute provides, in relevant part:

1. Notwithstanding Missouri Supreme Court Rule 24.07, whenever two or more offenses are jointly charged in an indictment or information, the court *shall* order both or all offenses to be tried together.

2. If it appears that a defendant or the state is substantially prejudiced by a joinder of the offenses for trial, *upon a written motion* of the defendant or the state *and* upon a *particularized showing of substantial prejudice,* the court *may* grant a severance of offenses or provide whatever relief justice requires. For purpose of the section, "substantial prejudice" shall mean a bias or discrimination against the defendant or the state which is actually existing or real and not one which is merely imaginary, illusionary or nominal. (Our emphasis). Section 545.885 RSMo 1986.

■ Defendant's assertion of denial of federal and state constitutional rights arising from his denial of separate trials for each charge was not before the trial court on defendant's motion to sever. We therefore only review for plain error. We find no error, plain or preserved. The denial of severance was neither an abuse of discretion nor did defendant prove a "particularized showing of substantial prejudice" by denial of severance.

■ The factors to consider in analyzing whether prejudice resulted in trying multiple charges together include the number of offenses charged, the complexity of the evidence to prove the charges and whether the trier of fact could realistically distinguish evidence and apply the law intelligently to each offense. *Sims,* 764 S.W.2d at 697. The possibility that the jury "will more likely think him guilty" or that "the jury [may] draw the improper inference of guilt of both counts based upon proof of the other count," does not establish a showing of substantial prejudice. In the present case two charges were separated by time, by circumstances and by the type of proof offered in support of the charges. Further, the proof on each charge was simple, distinct and uncomplicated. The court instructed the jury to consider the charges separately. Significantly, the jury recommended a fine only on Count II which charged the first DWI. It recommended a fine and sixty day jail sentence on Count I which charged the later DWI. The increased penalty on the later offense suggests that the jury was able to separately consider the charges and intelligently weigh the fact dispute and apply the law.

We find neither an abuse of discretion nor a showing of substantial prejudice in denying severance.

We affirm.

SMITH, P.J., and AHRENS, J. concur.