STATE of Missouri, Respondent,

v.

Kellen C. MCKINNEY, Appellant.

No. SC 90607.

Supreme Court of Missouri,
En Banc.

June 29, 2010.

Frederick J. Ernst, Public Defender's Office, Kansas City, for Appellant.

Shaun J. Mackelprang and Robert J. (Jeff) Bartholomew, Attorney General's Office, Jefferson City, for Respondent.

MARY R. RUSSELL, Judge.

A jury found Kellen McKinney guilty of two counts of first degree murder, two counts of armed criminal action, and one count of attempted escape. He was sentenced to consecutive terms of life imprisonment for the murder and armed criminal action charges; he also was sentenced to a consecutive four-year term for the attempted escape charge. He appeals, asserting that the attempted escape charge was joined wrongly to the other charges and, therefore, the trial court erred in refusing his motion seeking severance of the attempted escape charge.

Because McKinney's attempted escape charge was connected to the other charges, joinder was proper, and the judgment is affirmed.[1]

## I. Background

John and Mildred Caylor, a couple in their 70s, were murdered. McKinney was arrested for their murders after being linked to the crime by blood, DNA, and other evidence.

While McKinney was incarcerated, jailers searching his cell discovered evidence that he was planning an escape. The evidence of McKinney's attempted escape included: a floor drain was found in a sock wrapped in one of McKinney's prisoner jumpers; a latch from his cell was missing; the cage over a smoke detector showed signs of tampering; a sock and screw were found under McKinney's bed with a number of bed sheets that were tied together; mortar in the wall near McKinney's cell window had been chiseled and loosened; and McKinney's belongings included two metal brackets, two screws, and a hand-drawn map of the jail area. Based on this evidence, a charge of attempted escape from confinement while under arrest for a felony was added to the murder and armed criminal action charges McKinney was facing for the Caylors' deaths.

McKinney filed a "Motion For Severance Of Offenses, Due To Improper Joinder and Substantial Prejudice." He argued that joinder was improper under section 545.140, RSMo 2000,[2] and Rule 23.05 because the alleged attempted escape offense occurred nine weeks after the Caylors' murder, was not of the same or similar character, was not based on the same act or transaction, and was not a connected part of a common scheme or plan. He contended that severance was required to prevent substantial prejudice to him. He argued that joinder might impact his willingness to testify in his own defense and likely would cause the jury to consider evidence of guilt on one charge as evidence of guilt on another charge. The State responded that joinder was proper because the crimes were of the same or similar character and part of the same occurrence.

McKinney's severance motion was overruled after a hearing. The trial court concluded that the State was entitled to join McKinney's attempted escape offense to his other charges because the attempted escape showed his consciousness of guilt.

---

1. This Court has jurisdiction over this case pursuant to Mo. Const. art. V, sec. 10, as this case was taken on transfer after its disposition by the court of appeals.

2. All statutory references are to RSMo 2000.

McKinney ultimately was found guilty by the jury on all the charges. He appealed, asserting that the trial court erred in overruling his motion to sever based on improper joinder.

## II. Joinder Was Proper

 Whether joinder is proper is a question of law. *State v. Morrow,* 968 S.W.2d 100, 109 (Mo. banc 1998). Liberal joinder of criminal offenses is favored. *Id.* (citing *State v. Simmons,* 815 S.W.2d 426, 428 (Mo. banc 1991)).

 Joinder of offenses is governed by Rule 23.05, which states:

All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

Section 545.140.2 also provides for joinder of offenses, stating:

[T]wo or more offenses may be charged in the same indictment or information ... if the offenses charged ... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

McKinney asserts that joinder was improper because the attempted escape occurred nine weeks after the Caylors' murders and at a different location. He contends that the attempted escape cannot be considered part of the "same transaction" as the Caylors' murders or part of a "common scheme or plan" relating to their deaths. And he also argues that the attempted escape charge was joined improperly to the other charges because it was dissimilar in character.

McKinney's arguments, however, fail to give effect to all the provisions for joinder under Rule 23.05 and section 545.140.2. These joinder provisions are listed as alternatives, and one alternative permits joinder where offenses are "connected."

In *Morrow,* this Court noted definitions of "connected" for purposes of reviewing the propriety of joinder:

"Connected" is defined as: "[j]oined; united by junction, by an intervening substance or medium, by dependence or relation, or by order in a series." Black's Law Dictionary 302 (6th ed.1990). In Webster's, "connected" is defined as: "joined or linked together [in] a series, having the parts or elements logically related...." Webster's International 480 (3d ed.1981).

968 S.W.2d at 109.

*Morrow* discussed a number of ways that the offenses in that case were "connected"—by time, by similarities in the manner they were committed, by motive, and "by their dependence and relationship to one another." *Id. Morrow'*s discussions focused on the facts of that particular case and did not limit the factors that can "connect" offenses for joinder purposes. Charges may be "connected" for reasons other than sharing a common time or location.

In this case, McKinney's charges shared a "dependence and relationship to one another" that rendered them "connected" in satisfaction of the joinder provisions of Rule 23.05 and section 545.140.2. McKinney's incarceration for the felony charges of murder and armed criminal action provided the basis for the State to charge him with attempted escape from confinement while under arrest for a felony. His apparent motive for the attempted escape was avoidance of prosecution for the other charges, and the trial court correctly noted

that his attempted escape provided evidence of his consciousness of guilt that was relevant to the other charges.[3] The trial court did not err in finding that joinder was proper in McKinney's case.

## III. Severence Was Not Required

 Even where joinder is proper, however, severance may be necessary to prevent substantial prejudice to the defendant that could result if the charges are not tried separately. *Morrow*, 968 S.W.2d at 109; *see* Rule 24.07. Whether to grant severance is a decision left to the trial court's sound discretion. *Morrow*, 968 S.W.2d at 109. The trial court's decision overruling McKinney's motion to sever will be reversed if the trial court abused its discretion in overruling the motion and if there was a clear showing of prejudice. *See State v. Hobbs*, 826 S.W.2d 851, 854 (Mo.App.1992). A trial court abuses its discretion if its ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Fassero*, 256 S.W.3d 109, 115 (Mo. banc 2008).

 In considering whether severance is required, the court considers "the number of offenses joined, the complexity of the evidence, and the likelihood that the jury can distinguish the evidence and apply it, without confusion, to each offense." *Morrow*, 968 S.W.2d at 109. Severance is proper only after the defendant "makes a particularized showing of substantial prejudice if the offense is not tried separately"

and after the "court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense." Rule 24.07; *see also Morrow*, 968 S.W.2d at 109. Any prejudice from joinder "may be overcome where the evidence with regard to each crime is sufficiently simple and distinct to mitigate the risks of joinder." *Morrow*, 968 S.W.2d at 109 (internal quotation omitted).

In McKinney's case, the evidence relating to the attempted escape charge and the murder and armed criminal action charges was "sufficiently simple and distinct to mitigate the risks of joinder." *Cf. Morrow*, 968 S.W.2d at 110. Because the jury could distinguish the evidence for each offense and apply it without confusion, the trial court did not abuse its discretion in determining that severance was unnecessary.

## IV. Conclusion

For the foregoing reasons, this Court finds no error in McKinney's case. The trial court's judgment is affirmed.

All concur.

---

**3.** This Court noted in *State v. Williams*:

Evidence of escape is admissible as bearing on defendant's consciousness of guilt as to pending charges.... The existence of circumstances indicating the escape was not motivated by consciousness of guilt may be considered by the jury to reduce the weight of the escape evidence, but it does not render the escape evidence inadmissible. Whether the escape was motivated by a consciousness of guilt or another reason is a question for the jury.

97 S.W.3d 462, 469 (Mo. banc 2003) (internal citations omitted).