

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI, )
)
          Respondent, )
)
vs. ) No. SC94711
)
BRANDON M. ROBERTS, )
)
          Appellant. )

APPEAL FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Honorable Patrick K. Robb, Judge

*Opinion issued August 4, 2015*

Brandon Roberts appeals from a judgment convicting him of second-degree domestic assault and witness tampering.[1]  Mr. Roberts asserts that the trial court erred by denying his request to instruct the jury on the lesser-included offense of third-degree domestic assault.  He also asserts that the trial court erred by overruling his motion to sever the assault and witness tampering charges.  The judgment is vacated because the trial court erred by not instructing the jury on the lesser-included offense of third-degree domestic assault.

## Facts

In June 2012, Mr. Roberts and his daughter lived with A.A. and her three children. Mr. Roberts and A.A. got into a disagreement while Mr. Roberts was showering.

---

[1] This Court has jurisdiction pursuant to Mo. Const. art. V, § 10.

Mr. Roberts exited the shower and hit A.A.  A.A. hit Mr. Roberts with the shower rod.  Mr. Roberts then hit A.A. with the shower rod.  A.A. left the bathroom and threw Mr. Roberts' truck keys outside.  Mr. Roberts went to find his keys.  Mr. Roberts did not find his keys, but he did find a hammer.  Mr. Roberts went back inside and repeatedly hit A.A.  A.A. was unsure if Mr. Roberts had a hammer, but the children who witnessed the altercation ran to a neighbor's house and stated that "Brandon's beating my mommy with a hammer."

The State charged Mr. Roberts as a persistent offender with second-degree domestic assault and victim tampering.  At trial, Mr. Roberts testified that he acted in self-defense.  The trial court instructed the jury it could find Mr. Roberts guilty of second-degree domestic assault if the State proved beyond a reasonable doubt that Mr. Roberts "knowingly" caused injury to A.A.  The trial court rejected Mr. Roberts' proposed instruction on the lesser-included offense of third-degree domestic assault, which would require the jury to find that Mr. Roberts "recklessly" injured A.A.  The trial court also overruled Mr. Roberts' motion to sever the charges.

The jury found Mr. Roberts guilty of second-degree domestic assault and witness tampering.  The trial court sentenced Mr. Roberts to consecutive sentences of five years in prison for second-degree assault and two years for witness tampering.  Mr. Roberts appeals.

**I. The trial court erred by refusing the lesser-included offense instruction**

In his first point, Mr. Roberts asserts that the trial court erred by refusing to submit his proffered jury instruction on the lesser-included offense of domestic assault in the third degree. Mr. Roberts is correct.

Section 556.046.3, RSMo Supp. 2013, provides that a trial court must "instruct the jury with respect to a particular included offense only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense." There is almost always a basis in the evidence for acquitting the defendant of the immediately higher-included offense because the jury has a right to disbelieve all, some, or none of the evidence presented in a particular case. *State v. Jackson,* 433 S.W.3d 390, 399 (Mo. banc 2014). The State agrees that there was a basis in the evidence to acquit Mr. Roberts of second-degree domestic assault because, as recognized in *Jackson*, the jury, in its role as finder of fact, could disbelieve the State's evidence. The issue in this case is whether there is a basis in the evidence for convicting Mr. Roberts of the lesser-included offense of third-degree domestic assault. If there is a basis in the evidence for convicting Mr. Roberts of the lesser-included offense, then the trial court erred by refusing to submit that instruction to the jury.

"[T]he jury's right to disbelieve all or any part of the evidence, and its right to refuse to draw any needed inference, is a sufficient basis in the evidence to justify giving any lesser included offense instruction when the offenses are separated only by one differential element for which the state bears the burden of

proof." *Jackson*, 433 S.W.3d at 401. Lesser-included offenses that are separated from the greater offense by one differential element for which the State bears the burden of proof are referred to as "nested" lesser-included offenses. A "nested" lesser-included offense consists of a subset of the elements of the greater offense. Consequently, "it is ***impossible to commit*** the greater without ***necessarily committing*** the lesser." *Id*. at 404. A defendant is entitled, upon proper request, to an instruction on a "nested" lesser-included offense and, therefore, does not have to introduce affirmative evidence or "cast doubt" over the state's evidence in any way. *Id.* at 401-402.

In pertinent part, section 565.073[2] defines the crime of second-degree domestic assault as "knowingly" causing physical injury to a family or household member. Section 565.074 defines the crime of third-degree domestic assault as "recklessly" causing physical injury to a family or household member. Section 562.021.4 provides that, "[w]hen recklessness suffices to establish a culpable mental state, it is also established if a person acts purposefully or knowingly." Therefore, proof that Mr. Roberts committed second-degree domestic assault by "knowingly" causing physical injury to A.A. necessarily means there was also a basis in the evidence for the jury to convict Mr. Roberts of third-degree domestic assault by "recklessly" injuring A.A. Mr. Roberts was entitled to his properly requested instruction on the nested lesser-included offense of third-degree domestic assault.

---

[2] All references to statutes are to RSMo 2000, unless indicated otherwise.

The State argues that third-degree domestic assault is not a "nested" lesser-included offense within the offense of second-degree domestic assault because the different mental states do not constitute differential elements. The State reasons that each offense involved "physical injury," but second-degree domestic assault requires proof that the defendant "knowingly" caused physical injury, while third-degree domestic assault requires proof that the defendant "recklessly" caused physical injury. The State concludes that "knowingly" is not a differential element that, when removed from the greater offense, leaves a smaller subset of elements that comprise the offense of domestic assault in the third degree.

The State's argument is without merit. The offenses of second- and third-degree domestic assault require the State to prove that the defendant acted with a different intent with respect to the infliction of physical injury. Different mental states are required to prove the separate offenses of second- and third-degree domestic assault, and these different *mens rea* requirements are differential elements on which the State bears the burden of proof. The remaining element of both offenses, the infliction of physical injury, remains the same.

The State also argues that the evidence showing that Mr. Roberts punched or struck A.A. cannot support an inference of recklessness because such conduct is practically certain to result in injury and, therefore, supports only an inference that Mr. Roberts "knowingly" caused physical injury to A.A. This argument is foreclosed by section 562.021.4, in which the legislature specifically provided that "knowingly" engaging in criminal conduct establishes that the conduct was also reckless. Therefore, if

5

Mr. Roberts "knowingly" inflicted physical injury, he necessarily engaged in conduct sufficient to establish that he "recklessly" inflicted physical injury. The offense of third-degree domestic assault is a "nested" lesser-included offense within the offense of second-degree domestic assault.

## II. Joinder

In his second point, Mr. Roberts asserts that the trial court erred in joining his charges and in denying his motion to sever. The propriety of joinder is a question of law. *State v. McKinney*, 314 S.W.3d 339, 341 (Mo. banc 2010). "Liberal joinder of criminal offenses is favored." *Id.* An appellate court will reverse the trial court's decision to overrule a motion to sever only if the court abused its discretion. *Id.* at 342.

Section 545.140.2 and Rule 23.05 provide for joinder of offenses. Section 545.140.2 provides:

> "[T]wo or more offenses may be charged in the same indictment or information ... if the offenses charged ... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Similarly, Rule 23.05 provides:

> All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

The statute and the rule both provide that offenses can be joined because the offenses are based on transactions that are "connected." Offenses can be connected "by

their dependence and relationship to one another." *McKinney*, 314 S.W.3d at 341, quoting *State v. Morrow*, 968 S.W.2d 100, 109 (Mo. banc 1998).

Mr. Roberts was charged with domestic assault and with witness tampering for allegedly attempting to persuade the victim to not testify against him. The alleged assault and witness tampering are plainly "connected" because the tampering would not have occurred in the absence of the assault. Further, the alleged witness tampering was aimed directly at evading responsibility for the alleged assault. The two crimes are based on "connected" transactions. The trial court did not err by joining the offenses.

The fact that joinder was permissible does not mean that joinder was proper. Severance may still be required "to prevent substantial prejudice to the defendant if the charges are not tried separately." *McKinney*, 314 S.W.3d at 342. To determine whether severance is required, courts consider the number of offenses joined, the complexity of the evidence and the likelihood that the jury can distinguish the evidence pertaining to each offense. *Id*.

Mr. Roberts was charged with two offenses with distinct and relatively simple elements. The assault charge required proof that Mr. Roberts injured A.A. The witness tampering charge required the jury to find that A.A. was the victim of the charged assault. It is unlikely that joining the assault and witness tampering charges would confuse the jury, nor would it invite the jury to convict Mr. Roberts based on irrelevant evidence. Joinder was appropriate, and the trial court did not abuse its discretion in overruling Mr. Roberts' motion for severance.

7

## Conclusion

The trial court erred by refusing Mr. Roberts' proposed jury instruction on the nested lesser-included offense of third-degree domestic assault. Consequently, Mr. Roberts' conviction for second-degree domestic assault is vacated. Mr. Roberts' conviction for witness tampering was based on his assault conviction and, therefore, must also be vacated.

The judgment is vacated, and the case is remanded.

_____
Richard B. Teitelman, Judge

All concur.