NOT DESIGNATED FOR PUBLICATION

Nos. 113,820
113,821
113,822

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON L. HARRIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed September 16, 2016. Affirmed.

*Adam D. Stolte*, of Stolte Law, LLC, of Olathe, for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL, J., and BURGESS, S.J.

*Per Curiam*: Convicted of identity theft, Brandon L. Harris challenges his criminal history score. He contends that three false bomb report convictions in Missouri should not have been classified as person crimes. In his view, this misclassification illegally increased his criminal history score, which forced the court to impose harsher sentences for his crimes. Even though we do not approve the district court's consideration of the probable cause affidavits in the false bomb report cases, our element-by-element

1

comparison of the Missouri false bomb report statute with the Kansas criminal threat statute in effect at the time of these identity theft convictions leads us to conclude the crimes are comparable. Thus, the district court did not err in ruling that Harris had a criminal history score of A.

We will not consider the merits of Harris' second issue concerning the classification of his Missouri arson conviction. That conviction is immaterial because his three false bomb report convictions place him in criminal history category A.

*The presentence report reveals Harris' past.*

Harris pled guilty in three identity theft cases. His criminal history worksheet in the presentence investigation report showed four felony convictions in Missouri classified as person felony crimes. Three convictions were for making a false bomb report and one conviction was for arson. Harris challenged the classification of the false bomb report convictions as person felonies. The State argued to the contrary. At the sentencing hearing, the district court allowed the State to introduce the probable cause affidavits pertaining to the false bomb report cases.

In the end, the district court looked to the Kansas criminal threat statute, K.S.A. 21-3419, in effect at the time the false bomb reports were made in order to make its comparison. The district court stated that the "criminal threat statute which was in effect in 1999 and 2001 . . . would clearly encompass the conduct that the defendant engaged in . . . ." Further, "[b]omb threats to public buildings was [*sic*] one of the reasons that the criminal threat statute was enacted . . . ." Thus, the court found that Kansas' criminal threat statute was "comparable, though not identical" to the Missouri false bomb report statute.

2

The district court denied Harris' motion challenging his criminal history classification. It sentenced him based on Harris' criminal history score of A. The court imposed consecutive sentences in the three cases, aggregating them to 79 months in prison.

*The Sentencing Guidelines Act governs how to create a criminal history score.*

The method of scoring out-of-state convictions is set out in the Kansas Sentencing Guidelines Act, K.S.A. 2015 Supp. 21-6801 *et seq*. The first step is to determine whether there is a Kansas statute comparable to the other state's statute that governed the prior conviction. K.S.A. 2015 Supp. 21-6811(e)(3). If no comparable Kansas statute exists, the court must score the out-of-state felony as a nonperson felony. K.S.A. 2015 Supp. 21-6811(e)(3). If a comparable Kansas statute is found, the Act directs us to use the statutory version in effect on the date the current crime of conviction was committed. K.S.A. 2015 Supp. 21-6811(e)(3).

Harris committed the identity thefts in 2013. We note that the district court correctly chose the Kansas criminal threat statute but erred in choosing the version in effect in 1999 and 2001 when the false bomb threats were committed. This error, though, does not require reversal because it does not affect the outcome, for there is no significant difference between the versions of the criminal threat law.

Harris argues that the district court improperly considered the facts underlying his Missouri convictions in classifying them as person felonies. He argues that the court's conclusion that the Kansas statute "would clearly encompass the conduct that the defendant engaged in" shows that the court did not properly compare each element of the two states' statutes. Further, he argues that the court's admission into evidence of the probable cause affidavits from the Missouri cases deprived him of due process of law according to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435

3

(2000). We hold the district court had no need to resort to this information because an element-by-element comparison of the two statutes shows the similarities of the criminal conduct involved in each jurisdiction.

Two seminal cases come to mind at this point. In the first, the United States Supreme Court in *Apprendi* maintained that due process of law extended jury protections to some degree to determinations affecting the length of a criminal sentence. Other than the fact that a prior conviction exists, any fact used to increase the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt to comport with due process. 530 U.S. at 490. There are, however, narrow instances in which a sentencing court may look beyond the mere fact of conviction and examine certain documents from the underlying conviction to determine what elements a defendant was found guilty of. *Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990).

The second case we refer to is *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In *Descamps*, the United States Supreme Court drew a distinction between "indivisible" statutes that have a single set of elements and "divisible" statutes that have alternative elements defining two or more alternative versions of the crime. 133 S. Ct. at 2281. If the statute governing the defendant's conviction is divisible and one of its alternatives corresponds to the sentencing state's statute and another does not, it is permissible for a district court to examine a limited class of documents to see if the defendant was convicted of that version of the crime. If the statute is indivisible, the district court is limited to examining only the statutes. *Descamps*, 133 S. Ct. at 2281-82; *State v. Dickey*, 301 Kan. 1018, 1037-38, 350 P.3d 1054 (2015).

According to our Kansas Supreme Court, when the district court undertakes an element-by-element analysis of the statutes and the sentencing state's statute has an

4

element that is not present in the out-of-state statute, the analysis stops and the underlying conviction must be classified as a nonperson felony. This is because there was no finding by a jury that the State proved the missing element beyond a reasonable doubt, as required by due process. See *Dickey*, 301 Kan. at 1037.

*We give our comparison of the two statutes.*

The Missouri statute provides:  "A person commits the crime of making a false bomb report if he knowingly makes a false report or causes a false report to be made to any person that a bomb or other explosive has been placed in any public or private place or vehicle." Mo. Rev. Stat. § 575.090 (2000).

The Kansas criminal threat statute in effect at the time Harris committed the identity thefts states:

"(a) A criminal threat is any threat to:  (1) Commit violence communicated with intent to place another in fear, or to cause the evacuation, lock down or disruption in regular, ongoing activities of any building, place of assembly or facility of transportation, or in reckless disregard of the risk of causing such fear or evacuation, lock down or disruption in regular, ongoing activities." K.S.A. 2013 Supp. 21-5415.

We observe first that the Missouri statute is indivisible while the Kansas law is divisible. There is no need to examine documents underlying the Missouri convictions because the Missouri statute is indivisible.

Basically, a criminal statute describes what conduct is prohibited and the culpable mental state an accused must have in order to be convicted of the crime. The following chart illustrates the comparison in this case:

5

|  | **Missouri** | **Kansas** |
|---|---|---|
| *Culpable mental state* | Knowingly | with intent to commit violence **or** with reckless disregard |
| *Action* | make a false report | make a threat |

First, we examine the mental states for both statutes. Harris argues that the Kansas statute has a specific intent element that is not present in Missouri's false bomb report statute. He argues that he was convicted of acting "knowingly," which is a lesser standard of culpability than "with intent" and thus, his conviction in Missouri would not support a conviction in Kansas. This argument overlooks the second half of the Kansas statute. It contains an alternate mental state requirement. The crime of criminal threat can be committed by communicating a threat "in reckless disregard of the risk of causing such fear or evacuation, lock down or disruption in regular, ongoing activities." K.S.A. 2015 Supp. 21-5415(a)(1).

While Harris' conviction of acting "knowingly" does not satisfy the "with intent" component of the Kansas criminal threat statute, it does satisfy the "with reckless disregard" aspect. According to Missouri law, when a defendant engages in conduct "knowingly," he necessarily engages in conduct "recklessly." Mo. Rev. Stat. § 562.021.4 (2000); *State v. Roberts*, 465 S.W.3d 899, 902-03 (Mo. 2015). Hence, when Harris was convicted of acting "knowingly" in the Missouri case, he was also necessarily found to have acted "recklessly." Thus, there is a match on the mental state requirement.

What a defendant has to do to violate both statutes is comparable. Making a report that a bomb has been placed is an example of communicating a threat. In *State v. Rivera*, we found that the statement: "You have a bomb in the plant. Get everyone out" was a

threat under the criminal threat statute. 42 Kan. App. 2d 914, 919, 218 P.3d 457 (2010). Likewise, in *State v. Payne*, No. 105,004, 2011 WL 4563095 (Kan. App. 2011) (unpublished opinion), *rev. denied* 293 Kan. 1112 (2012), we concluded that the statement: "There's a bomb in Santa Fe Middle School" was a criminal threat.

Because a bomb report is a type of criminal threat and a knowing mental state satisfies the reckless disregard standard, a conviction of the elements of the Missouri statute would necessarily support a conviction of all the elements of the Kansas statute. See *Taylor*, 495 U.S. at 599. Thus, the Missouri convictions were properly classified as person felonies for purposes of criminal history scoring.

Even though the district court erred in admitting the probable cause affidavits, it is not reversible error. Harris' convictions establish each element beyond a reasonable doubt. There is no need to resort to the affidavits or any other documents. Thus, Harris' due process rights were not violated. The district court correctly classified Harris' false bomb report convictions as person felonies. His criminal history category is A.

Affirmed.