**Missouri Court of Appeals**
Southern District
In Division



STATE OF MISSOURI,       )
                               )
       Plaintiff-Respondent,    )
                               )
v.                              )     No. SD37453
                               )     Filed: **March 13, 2023**
BRYAN S. JONES,       )
                               )
       Defendant-Appellant.   )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Becky J.W. Borthwick, Circuit Judge

**<u>AFFIRMED</u>**

Bryan S. Jones ("Jones") appeals the judgment of the Circuit Court of Greene County, Missouri ("trial court"), convicting him, after a jury trial, of twenty-three felony counts and four misdemeanor counts. On appeal, Jones raises a single point, claiming the trial court abused its discretion in denying his motion to sever. Jones seeks reversal of his convictions and remand for separate new trials. Because the trial court did not abuse its discretion, the judgment is affirmed.

**Background**

By way of a third amended felony information, the State ultimately charged Jones with twenty-nine counts relating to various crimes that occurred from February through May 2020, including:

On or about February 19, 2020, Ryan Courtois ("Courtois") reported his 2005 Dodge Ram (the "Dodge") stolen. Law enforcement recovered the Dodge on or about February 26, 2020, with the back window broken and various items not belonging to Courtois in the back of the Dodge. Jones's fingerprint was found on the Dodge. On or about March 4, 2020, Jerald Brumley reported three blank checks stolen from his vehicle. When two of the checks were cashed, they were made payable to Jones and had Jones's Missouri driver's license number written on the checks. Both Jerald Brumley and Mark Brumley, co-owners of the joint account, denied signing the checks, writing any check to Jones, or allowing Jones to use any check. Jones later admitted to driving the Dodge while cashing the Brumley checks.

On or about March 10-11, 2020, Michael Duncan ("Duncan") received notice that his credit card had been used without his permission. When Duncan went to look for his credit card, which he usually left in the center console of his vehicle, Duncan observed that his garage door had been opened, his vehicle door was ajar, and his credit card was no longer in the center console. Jones was later seen on security camera footage completing a fraudulent purchase at a local gas station.

On or about March 21, 2020, Jones crashed a vehicle in a residential yard in Springfield. Officer Karla Parker ("Officer Parker"), who responded to the incident, testified Jones smelled of marijuana. Officer Parker arrested Jones after administering a field sobriety test, which Jones failed. A blood test confirmed Jones had amphetamine, cannabinoids, and methamphetamine in his system.

On or about March 30, 2020, Leonard Hamlin ("Hamlin") reported to Springfield police that his vehicle had been broken into and various items, including an AR-15 pistol, had been stolen. Security footage from Hamlin's residence showed an individual resembling Jones and

2

wearing dark-rimmed glasses enter Hamlin's car. The perpetrator in the video had tattoos resembling Jones's tattoos. The police observed Jones the following day and recovered dark-rimmed glasses with the lenses removed from a vehicle in his possession.

On or about April 9, 2020, Charleton Chastain ("Chastain") reported to Springfield police that his vehicle was broken into while it was parked in his driveway. Chastain testified his wallet was stolen and two of his credit cards were used at a gas station without his permission. Jones was later seen on security camera footage using one of the credit cards at a local gas station.

On or about April 15, 2020, Sharon Stinnett reported to Springfield police that her 2013 Chevy Malibu (the "Malibu") had been stolen. On the same day, Samuel Vanhornbeek ("Vanhornbeek") reported that his 2010 Subaru Impreza (the "Impreza") had been stolen. The Impreza had an AR-15 and 400 rounds of ammunition inside when it was stolen. The Malibu was recovered later that day in the parking lot of a local grocery store. Video evidence showed Jones abandoning the Malibu. Jones's fingerprints were identified on the rear-view mirror of the Malibu, which had been removed and left on the floorboard. Vanhornbeek's AR-15 was found in the back seat of the Malibu.

On or about April 19-20, 2020, Bethany Rohlman's ("Rohlman") 2003 Chevy Silverado (the "Silverado") was stolen from her garage in Springfield. Rohlman's wallet with her debit card was in the Silverado. The debit card was used without Rohlman's permission three times on April 20, 2020 at three local gas stations. Jones can be seen on surveillance video using the debit card and driving Rohlman's Silverado.

On or about April 27, 2020, Mary Rippee ("Rippee") noticed her wallet had been stolen from her vehicle while it was parked at her work. Rippee's debit card, which was in her wallet,

was later used twice without her permission, once at a local gas station and once at a Walmart in Springfield. Jones can be seen on surveillance video using the debit card at a gas station.

In April 2020, John Hayter ("Hayter") had his checkbook stolen from his vehicle. On or about April 27, 2020, Brian Crawford ("Crawford") had his expired passport stolen from his vehicle. On or about April 28, 2020, Jones tried to cash one of Hayter's checks, made out to Crawford, by impersonating Crawford and using Crawford's expired passport as identification.

On or about May 2-3, 2020, Melinda Green ("Green") noticed her purse, wallet, and keys had been stolen from her vehicle while the vehicle was parked in her garage overnight. Jones can be seen on surveillance video using Green's credit card at a local gas station.

On or about May 4, 2020, Laura Johns ("Johns") noticed her purse had been stolen from her vehicle, which was parked in her garage in Springfield. Jones can be seen on surveillance video using three of Johns's credit or debit cards at a local gas station and a Walmart.

On or about May 3, 2020, Matthew Spoon reported a 2017 Ford Escape (the "Escape") stolen. On May 13, 2020, law enforcement located the Escape. A chase ensued after Jones fled from law enforcement while driving the Escape. The chase ended when Jones crashed the Escape into a lamppost.

On or about May 7-8, 2020, Mary Johnson ("Johnson") reported her purse stolen from her vehicle while the vehicle was parked in her garage in Springfield. Jones can be seen in surveillance video using Johnson's debit card at a local gas station. When law enforcement searched the Escape after Jones crashed it, they found items from Johnson's purse, Green's purse, and two license plates that had been reported stolen.

Before trial, Jones filed a "Motion for Severance of Offenses," claiming he would suffer prejudice absent severance "because the jury would likely consider evidence of guilt on one

charge as guilt on another charge" and that "[Jones] may wish to testify on one charge, but not the other." The State agreed to sever two of the twenty-nine counts but filed suggestions in opposition opposing further severance because of the similarity of the crimes charged and because Jones had not made his request in good faith and had not shown particularized prejudice absent severance.

The trial court held a hearing on the motion to sever, allowed additional briefing, and denied severance except as to the two counts the State agreed to sever, which the trial court ordered severed. The trial court severed two counts for unlawful possession of a weapon.

The remaining counts were tried to a jury over two days, with forty-five witnesses testifying and 134 exhibits admitted. The jury deliberated slightly more than two and one-half hours before returning its verdict finding Jones guilty on all counts: three counts of the class-D felony of forgery (Counts I, II, XIII), Section 570.090;[1] twelve counts of the class-D felony of stealing by receiving stolen property (Counts IV, V, VI, VII, IX, X, XII, XIV, XV, XVI, XVII, XVIII), Section 570.030; four counts of the class-D felony of tampering in the first degree (Counts III, VIII, XI, XX), Section 569.080; two counts of the class-E felony of stealing (Counts XXII, XXIII), Section 570.030; one count of the class-E felony of resisting a lawful stop, arrest, or detention (Count XIX), Section 575.150; one count of the class-E felony of leaving the scene of an accident (Count XXI), Section 577.060; two counts of the class-A misdemeanor of fraudulent use of a credit or debit device (Counts XXIV, XXV), Section 570.130; one count of the class-B misdemeanor of identity theft (Count XXVI), Section 570.223; and one count of the class-B misdemeanor of driving while intoxicated (Count XXVII), Section 577.010.

The trial court found Jones to be a prior and persistent offender under Section 558.016.

---

[1] Unless otherwise indicated, all statutory citations are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017, and all rule references are to Missouri Court Rules (2021).

The trial court sentenced Jones to the maximum sentence on every count. The trial court ordered the sentences in Counts I and II to run concurrent to each other but consecutive to all other counts, Counts VI and VII to run concurrent to each other but consecutive to all other counts, Counts X and XI to run concurrent to each other but consecutive to all other counts, and Counts XV–XVII to run concurrent to each other but consecutive to all other counts, with all other counts to run consecutive to each other and consecutive to Counts I and II, VI and VII, X and XI, and XV-XVII, and any other existing sentences, for an aggregate sentence of 159 years' imprisonment in the Missouri Department of Corrections and two years and 360 days confinement in the Greene County Jail.

Jones preserved his claim of error regarding his motion to sever by including the trial court's alleged error in denying his motion to sever in his motion for a new trial. The trial court denied the motion. Jones does not challenge the sufficiency of the evidence to support any count.

Jones timely appealed.

### Standard of Review

In *State v. Boyd*, No. SC 99625, 2023 WL 1998022 (Mo. banc Feb. 14, 2023), the Supreme Court of Missouri held the trial court did not abuse its discretion in denying a motion to sever six counts and set out the standard of review concerning denial of a motion to sever.

"Joinder and severance are separate and distinct issues for appellate review." *Boyd*, 2023 WL 1998022, at *4 (quoting *State v. Warren*, 141 S.W.3d 478, 486 (Mo.App. 2004)). "Determining whether separate offenses can be joined together in the same charging document is governed by Rule 23.05. Whether offenses joined pursuant to Rule 23.05 should be severed for trial is governed by a related, but separate, authority as set forth in Rule 24.07." *Id.* "Because

[Jones] does not contend joinder of the counts was improper, the only issue before this Court is whether the trial court abused its discretion in failing to sever" the counts under Rule 24.07. *Id.*; *see also* Section 545.140.2.[2] "When applying Rule 24.07, '[t]he decision regarding severance is left to the sound discretion of the trial court.'" *Boyd*, 2023 WL 1998022, at *4 (quoting *State v. Morrow*, 968 S.W.2d 100, 109 (Mo. banc 1998)). "A trial court abuses its discretion if its ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* (quoting *State v. McKinney*, 314 S.W.3d 339, 342 (Mo. banc 2010)).

"Severance is proper only when 'a party makes a particularized showing of substantial prejudice if the offense is not tried separately' and 'the court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense.'" *Id.* (quoting Rule 24.07; *McKinney*, 314 S.W.3d at 342). "In considering whether severance is required, the court considers the number of offenses joined, the complexity of the evidence, and the likelihood that the jury can distinguish the evidence and apply it, without confusion, to each offense." *Id.* (quoting *McKinney*, 314 S.W.3d at 342) (internal quotation omitted). "Missouri courts have repeatedly held that, 'when the evidence relating to each offense is uncomplicated and distinct, and the jury is properly instructed to return separate verdicts for each offense charged, there is no abuse of discretion in refusing to sever the counts.'" *Id.* (quoting *State v. Chambers*, 234 S.W.3d 501, 509 (Mo. App. 2007); citing *McKinney*, 314 S.W.3d at 342; *Morrow*, 968 S.W.2d at 109)).

---

[2] Section 545.140.2 states:

> Notwithstanding Missouri supreme court rule 24.07, two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

7

**Analysis**

In his motion to sever, Jones failed to make a particularized showing that he would be substantially prejudiced if all the charges were tried together. Jones alleged severance was necessary "because the jury would likely consider evidence of guilt on one charge as guilt on another charge" and because "[Jones] may wish to testify on one charge, but not the other." These arguments are conclusory and do not amount to a "particularized showing" of substantial prejudice. *Id.*; *see also* **Chambers**, 234 S.W.3d at 509 ("[T]he general allegation that the jury would likely consider evidence of guilt of one charge as evidence of guilt of another charge is not sufficient to show a particularized showing of substantial prejudice."); **State v. Hallmark**, 635 S.W.3d 163, 170 (Mo.App. 2021) ("[The allegation that a defendant may wish to testify about one charge but not others] is too general . . . to satisfy the requite showing of substantial prejudice.").

On appeal, Jones argues that "[p]rincipally, the sheer number of offenses joined was substantially prejudicial[,]" and that "[Jones's] charges were not homogenous makes their non-severance substantially more prejudicial." Because Jones raised neither argument in his motion to sever, he has not preserved either argument for review and he does not request plain error review. *See* **Edwards v. State**, 636 S.W.3d 606, 614 (Mo.App. 2021) ("[O]nly those objections or grounds of objection which were urged in the trial court, without change and without addition, will be considered on appeal.") (quoting **State v. Davis**, 348 S.W.3d 768, 770 (Mo. banc 2011)).[3] The same analysis applies to Jones's argument that the time the jury spent deliberating

---

[3] In his suggestions in support of his motion to sever filed after argument on the motion, Jones asserted that the charges "are spread over a nearly three month span of time, do not involve the same alleged victims, and are not a result of the same scheme or plan [such that failure to sever] creates an illusion of guilt to all charges." This is the same conclusory argument concerning guilt that we held elsewhere in this opinion does not make a particularized showing of substantial prejudice.

(approximately two and one-half hours) before returning its verdict shows prejudice from the denial of the motion to sever. Jones did not raise this point before the trial court in his motion for new trial or otherwise and has not requested plain error review, thus preserving nothing for review.

Jones also argues that (1) comments the trial court made at sentencing show the jury was biased against him due to denial of severance, and (2) the trial court improperly enhanced his sentence based on the unsevered offenses. These arguments are conclusory and/or are based on sheer speculation and fail to make a particularized showing of prejudice. Jones makes no claim that the trial court failed to follow the law in sentencing him. The trial court following the law in sentencing Jones in no way demonstrates an abuse of discretion in denial of the motion to sever.

We also find the trial court did not abuse its discretion in denying severance of all but two counts because the record reveals "the charges and evidence presented at trial were straightforward and the jury was instructed to consider each count separately." *Boyd*, 2023 WL 1998022, at \*5. "The jury is presumed to have followed these instructions." *Id.* at \*5 n.10 (citing *State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022)). The evidence consisted primarily of direct testimony from the crime victims and direct testimony from law enforcement officers documenting their investigation, with supplemental documentary evidence including surveillance video, receipts, and photographs of recovered items. *See State v. Scott*, 548 S.W.3d 351, 364 (Mo.App. 2018) (finding no abuse of discretion in refusing to sever twelve counts related to three incidents where the evidence "consisted primarily of the direct testimony of all Victims and police testimony documenting their investigation" and was "not complex and the proof on each charge was distinct and uncomplicated"). While there were, as Jones notes, forty-five witnesses and 134 exhibits over two days of trial, much of the witness testimony concisely

9

and simply established ownership of various property and many exhibits duplicated other exhibits.[4]  Jones notes that "the evidence required the jury to match numerous dates and credit card and check numbers to variegated counts[,]" but we find this is "not beyond the sophistication of the average juror."  **Boyd**, 2023 WL 1998022, at *5 (quoting **Hallmark**, 635 S.W.3d at 169).

In **State v. Tolen**, 304 S.W.3d 229 (Mo.App. 2009), the court upheld denial of a motion to sever thirty-seven counts where "the evidence relating to each offense was distinct and uncomplicated."  **Id.** at 236.  The court noted each victim testified, "and their testimony and the evidence in each case was straightforward."  **Id.**  "In addition, the record reflects the jury was instructed to consider each charged offense separately and return separate verdicts for each count."  **Id.**  Jones argues **Tolen** is distinguishable because the victims here do not fit a similar profile.  But Jones ignores that the charged incidents were of similar character and occurred in similar locations and at similar times of day, in addition to occurring over a relatively short span of approximately four months.  The evidence was that Jones typically targeted vehicles parked in residential areas at dark hours of the night in the Springfield, Missouri area.  He would then use any debit or credit cards found in purses or wallets, often at a local gas station or Walmart.  Because the evidence presented was uncomplicated and distinct and the jury was instructed to consider each count separately, the trial court did not abuse its discretion in denying Jones's motion to sever.

The State also argues the trial court did not abuse its discretion in denying the motion to sever based on the State's proof of Jones's bad faith in moving to sever.  As to lack of good faith, the State cited an October 12, 2021 recorded call Jones made while in jail where he said:

---

[4] For example, eleven exhibits were separate photos of a single vehicle and forty-six exhibits were still photos from previously admitted video exhibits.

> When I talked [sic] to my lawyer again I'm going tell her I want her to put in for a motion of severance, where they gotta take me to trial separately on every case. They are fixing to pay a lot of money to take me to trial. . . . I'm not gonna let them screw me for free. I'm an expensive whore they are gonna have to pay a lot of money to screw me.

Jones acknowledges the State's argument but offers no explanation for the call. The State's evidence of Jones's bad faith in moving to sever is further evidence the trial court did not abuse its discretion in denying the motion to sever.

For all of these reasons, the trial court did not abuse its discretion in overruling the motion to sever.

**Conclusion**

The judgment is affirmed.

GINGER K. GOOCH, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JACK A. L. GOODMAN, C.J. – CONCURS

11